IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMY LANGENDORF, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 11-cv-07060 |
| SKINNYGIRL COCKTAILS, LLC, BETHENNY FRANKEL, SGC GLOBAL, LLC and BEAM GLOBAL SPIRITS & WINE, INC., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## AMENDED CLASS ACTION COMPLAINT

Now comes Plaintiff, AMY LANGENDORF, ("LANGENDORF"), on behalf of herself

and all others similarly situated, by and through her attorneys, LARRY D. DRURY, LTD., and as

and for her Amended Class Action Complaint against Defendants, SKINNYGIRL COCKTAILS,

LLC, ("SKINNYGIRL"), BETHENNY FRANKEL, ("FRANKEL"), SGC GLOBAL, LLC,

("SGC"), and BEAM GLOBAL SPIRITS AND WINE, INC., ("BEAM") , (hereinafter

collectively "Defendants"), states as follows:

## PARTIES

1. Plaintiff, LANGENDORF, at all times relevant herein, was and is a resident and

citizen of the State of Illinois.

2. Defendant, SKINNYGIRL, at all times relevant herein, was and is organized

under the laws of the State of Delaware, and a resident and citizen of the State of New York, with

its principal place of business located at 225 Varick Street, Suite 303, New York, NY 10014.

SKINNYGIRL created "Skinnygirl Margarita" ("Skinnygirl") and conducts substantial business in the State of Illinois.

3.     Defendant, FRANKEL, is a reality television star, best-selling author, natural foods chef and entrepreneur who has cultivated an image of promoting a healthy lifestyle who is a resident and citizen of the State of New York, with her last known address at 195 Hudson Street, 5th Floor, New York NY 10013.

4.     Defendant, SGC, at all times relevant herein, was and is organized under the laws of the State of Delaware, and is a resident and citizen of the State of New York, with its principal place of business located at 225 Varick Street, Suite 303, New York, NY 10014.

5.     Defendant, BEAM, is a Delaware corporation and is a resident and citizen of the State of Illinois, with its principal place of business located at 510 Lake Cook Road, Deerfield, Illinois 60015, and conducts substantial business in the State of Illinois. BEAM is the fourth largest and the United States' largest premium spirits company, with over $2.7 billion dollars in revenue. BEAM markets, sells and distributes a variety of premium spirits selling over 33 million cases of spirits which, according to their website have "been trusted for generations." On or about March, 2009, BEAM purchased the "Skinnygirl" Ready to Drink (RTD) Margarita spirits for approximately $120 million. Defendants market and sell Skinnygirl Margaritas in every state in the United States and purposefully avail themselves of the benefits of interstate commerce in each of those states, including Illinois.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d). The Plaintiff is a resident and citizen of a different State than at least one of the Defendants, and the

amount in controversy exceeds, exclusive of interest, fees and costs, $5,000,000. The Plaintiff does not seek disgorgement of any fund in which she has a common and undivided interest, but seeks to recover separate and distinct damages along with their attorney's fees.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391, as the acts upon which this action is based occurred, in part, in this District. Thousands of members of the Class reside in this District, purchased Skinnygirl Margaritas here, and thereby were injured in this District.

## FACTUAL ALLEGATIONS

8.      Defendants market, distribute and sell numerous premium spirit brands, including the "Skinnygirl Margarita". Through its advertising and labeling, Defendants falsely claim that "Skinnygirl Margarita" is made with "100% Blue Agave clear tequila," when in fact it appears to have been made with a lower-quality and lower purity Tequila by-product called *mixto* - essentially a mash of Tequila and some unknown additives (rarely organic) which may comprise as much as forty-nine percent (49%) of the final mixed liquor. Defendants then add this *mixto*, and not "100% Blue Agave clear tequila," to their recipe for their ready-to-drink margarita product.

9.      Moreover, Defendants also falsely describe the non-alcoholic ingredients that they add to the impure *mixto* to create the decidedly not "All-natural" "Skinnygirl." Among those ingredients are carcinogenic preservatives, in blunt contrast to the label's claim of "no preservatives." Skinnygirl also falsely labels its margarita as:  (i) "All-natural"; (ii) "With Natural Flavors"; and (iii) "the margarita you can trust".

10.      Defendants' erroneous marketing efforts also include the dubious testimonial of

Bethenny Frankel, who achieved notoriety for being an "all-natural" chef (among other things) and author of a best-selling book entitled Naturally Thin. She false reiterated that "Skinnygirl Margarita" is "all-natural" (in bold red lettering, contrasting with the most black letting of the label). She also lists two, and only two ingredients in bright red lettering: agave nectar and "100% Blue Agave clear tequila" or Blue Agave tequila, depending on the label. Ms. Frankel does not disclose the presence fo the ingredient sodium benzoate, an unnatural carcinogenic preservative on any label or, anywhere else. Neither do the Defendants.

11.    In fact, the synthetic carcinogen sodium benzoate is an ingredient and, upon that discovery, the nationwide premium grocery store chain Whole Foods Market removed Skinnygirl Margaritas from its shelves. Skinnygirl's very presence in Whole Foods, a premium grocery store chain renown for organic and all-natural products, also serves to mislead the consuming public.

12.    The "Skinnygirl" brand was created in 2009 by renowned natural food chef, author of the New York Times Bestseller, Naturally Thin, reality television star and entrepreneur, FRANKEL. Defendants, exploiting the all natural and real image of FRANKEL, continued marketing and advertising the brand as all natural and the brand you can trust. The quote on the bottle from FRANKEL recommending the "Margaritas the one you can trust," coming from a woman who fervently promotes an all-natural lifestyle, which she is willing to live for all the world to see, demonstrates this marketing strategy.

13.    Defendants claim in their advertising and labeling that "Skinnygirl margarita" spirits are all natural, use all natural ingredients and contain no preservatives, and thereby specifically aim their product at a growing and affluent segment of society seeking organic or all

natural products. Thus, the term "All-natural" appears boldly and more than once on each bottle of "Skinnygirl Margarita". The labeling also states that it is slightly sweetened with agave - no other sweetener is disclosed. Furthermore, the labeling states that it is the "margarita you can trust." Nowhere on the label to Defendants indicate that the spirits contain preservatives, including but not limited to sodium benzoate, never mind whatever may be in Defendants' *mixto* "tequila". Defendants' representatives are false misleading and reasonably likely to deceive the public.

14.     Through its advertising, Defendants have conveyed one message: "Skinnygirl" spirits are all natural, use only natural ingredients and contain no preservatives. Based on FRANKEL's notoriety, her alleged devotion to an all-natural lifestyle and authorship of a book on all-natural food preparation, Skinnygirl is one of the largest ready-to-drink cocktail brands in the United States. Defendants' entire marketing campaign, both in its advertisements and labeling, contain false and deceptive statements.

15.     Defendants' advertising and marketing campaign is designed to cause consumers to buy SKINNYGIRL Margaritas as a result of this deceptive message, and Defendants have succeeded. The purported SKINNYGIRL Margaritas are anything but all-natural and, in fact, nothing more than regular spirits. This is evidenced by Whole Foods' decision to pull the brand from its shelves for not being all natural as advertised. Only then did Defendants admit that Skinnygirl Margaritas contained a synthetic carcinogen by a press release – though its "All Natural" marketing campaign remains unchanged. For example, in responding to recent litigation filed with respect to the Skinnygirl Margarita on its website, www.skinnygirlcocktails.com, maintains that "Skinnygirl is made with natural ingredients" but

-5-

now admits that "The margarita product formulation includes a minuscule amount of a widely used FDA approved ingredient..." Further, FRANKEL has now admitted that the "Skinnygirl" Margaritas are not all natural stating that she was "not making wheatgrass" and that the product was as "close to nature as possible while still being a shelf-stable product." FRANKEL thereby demonstrated her knowledge that "Skinnygirl" Margaritas being marketed as "all natural" and containing "no preservatives" was false.

16.     According to Defendants, the "Skinnygirl" brand is all natural. By purchasing "Skinnygirl" Margaritas from the famed natural foods chef and labeling and marketing the brand as all natural and containing no preservatives, Plaintiff and consumers alike were led uniformly to believe that the already widely-known health conscious "Skinnygirl" herself had created a brand that was all natural itself. Defendants' representations and/or omissions are false, misleading and reasonably likely to deceive the public.

17.     Defendants have said nothing, however, about their previous false claims to have used "100% Blue Agave clear tequila" - 100% Blue Agave Tequila being an even more refined version of the carefully regulated "Tequila" which, to be properly labeled, may only be produced in Mexico and must bear certain stamps and appellations to comply with Mexican law and the North American Free Trade Agreement ("NAFTA").

18.     Specifically, at one point in time, Skinnygirl bottles and labels previously approved by the U.S. Department of Treasury claimed the margarita was made with "100% Blue Agave clear tequila". Quietly, and without explanation, Defendants changed the Skinnygirl margarita label to say it is made with premium Blue Agave tequila - which may only refer to some minuscule trace quantity of the *mixto* possibly being Blue Agave tequila. This subtle

change in wording concedes the truth that Skinnygirl margarita was never a combination of only three (3) ingredients - pure Blue Agave clear tequila, natural agave nectar, and "caramel color". Only time and pre-trial discovery will tell what was really in the "tequila" that went into the phony "all-natural" margarita. What is certain is the fact that consumers would have purchased Skinnygirl Margarita had they known it was manufactured with inferior *mixto* tequila (being in complete violation of myriad laws regulating Tequila).

19.     Defendant's advertising is also false under Mexican law. Pursuant to Rule 6.6 of NMX-V-049-NORMEX-2004, a beverage with the same properties as Skinnygirl Margarita would fall under the category of "Coctel" (cocktail) because its alcohol content is 12.7%, and there is a presence of other additives in the beverage. Under that rule, the bottle shall bear the legend "Bebida Alcoholica Preparada con Tequila" which translates as "Alcoholic Beverage Prepared with Tequila"). There was and is still no such caption on the subject bottle.

20.     Defendants are deliberately ignoring the fact that Tequila or Tequila 100% Agave are not the same products as beverages "prepared with" Tequila or Tequila 100% Agave. Thus, they also ignore Mexican law, which requires at Rule 12.0 of NMX-V-049-NORMEX-2004 that beverages that contain 100% Agave Tequila may only be bottled within territories enlisted by General Declaration for Protection - in Mexico. Skinnygirl's use of "100% Blue Agave tequila" for a "Product of Canada" is either a violation of that Mexican law, or evidence that Skinnygirl did not contain "100% Blue Agave tequila" at all.

21.     Plaintiff brings this action on behalf of herself and all other consumers similarly situated in the United States who purchased "Skinnygirl" Margaritas in the United States from March 1, 2009 until the date notice is disseminated. Plaintiff has purchased several bottles of

-7-

Skinnygirl Margaritas before August 1, 2011 at a price of approximately $15.00. This price is

above the price for comparable ready-to-drink margarita products and Plaintiff paid that

premium. Plaintiff purchased SKINNYGIRL brand spirits as advertised, paid a premium to other

comparable products on the market (i.e., Jimmy Buffett's Margaritavilla Skinny Margarita costs

$11.99 - for a bottle twice as the size of Skinnygirl's 750 ml. bottle) on the purported "All-

Natural" quality of the SKINNYGIRL product and suffered injury and lost money as a result of

the false advertising and unfair business practices described herein.

22.     Thus Plaintiff alleges violations of the Illinois Consumer Fraud Act, breach of

contract, and common law breach of the express and implied warranty created by its advertising

and labeling, and for unjust enrichment. Plaintiff did not receive the product that was advertised,

and would not have purchased it had the truth been known.

**CLASS ACTION ALLEGATIONS**

23.     Plaintiff brings this lawsuit on behalf of himself and the proposed Class member

under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.

24.     The proposed Class definition is: Any and all persons who purchased "Skinnygirl"

Margarita spirits in the United States from March 1, 2009 until the date notice is disseminated.

Excluded from the Class are Defendant's officers, directors, agents and employees, those who

purchased "Skinnygirl" Margaritas for the purpose of resale and any judge presiding over this

case, including any member of his/her immediate family.

25.     The class may be expanded or narrowed as additional information becomes

available through investigation and discovery.

26.     The members of the Class are so numerous that individual joinder is impracticable

-8-

as the Class includes tens of thousands of persons. The precise number of Class members is known only to Defendants and can be notified of the pendency of this action by first class mail, electronic mail, and by published noticed.

27.     Common questions of law and fact exist as to all members of the Class and predominate over any question affecting only individual Class members. These common questions include, but are not limited to the following:

A.      Whether Defendants had adequate substantiation for its claims prior to making them;

B.      Whether Defendants' conduct constitutes a violation of public policy;

C.      Whether Defendants' conduct constitutes violations of the laws asserted in this Amended Class Action Complaint;

D.      Whether Defendants' conduct constitutes a breach of contract;

E.      Whether Defendants' conduct constitutes unjust enrichment;

F.      Whether Plaintiff and the Class are entitled to promissory estoppel;

G.      Whether Defendants' conduct constitutes a violation of the Illinois Consumer Fraud and Deceptive Practices Act;

H.      Whether Defendants engaged in false or misleading advertising;

I.      Whether Plaintiff and the Class members have sustained monetary loss and the proper measure of that loss;

J.      Whether Defendants' conduct violated 810 ILCS 5/2-313, 314 and 315 (breach of warranties);

K.      Whether Plaintiff and the Class members are entitled to declaratory judgment;

L.    Whether Plaintiff and the Class members are entitled to injunctive relief.

28.    Plaintiff's claims are typical of the claims of the members of the Class int hat the Defendants were unjustly enriched as a result of Plaintiff's and the Class' respective purchses of "Skinnygirl" Margaritas.

29.    Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

30.    A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of fats. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the Class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

31.    In the alternative, the class may also be certified because:

A.    The prosecution of separate actions by individual Class members would create a

risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

B.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

C.      Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

32.     Adequate notice can be given to Class members directly using information maintained in Defendants' records or through notice by publication.

33.     Damages may be calculated, in part, from the sales information maintained in Defendants' records, so that the cost of administering a recovery for the Class can be minimized. However, the precise amount of damages available to Plaintiff and other members of the Class is not a barrier to class certification.

34.     Plaintiff seeks a constructive trust, and preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described and requiring Defendants to provide full restitution to Plaintiff and the Class.

35.     Unless a class is certified, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and the putative Class members.  Unless a class wide

-11-

injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

36.     Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

37.     As the claims of Plaintiff are typical of the claims of the Class and Plaintiff has no interests adverse to or which irreconcilably conflict with other members of the Class, Plaintiff is an adequate Class representative.

38.     Plaintiff will fairly and adequately protect the interest of the Class and has retained  experienced and competent counsel knowledgeable in the prosecution of class action litigation.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not afford to individually litigate such claims against large corporate defendants.  There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient group-wide adjudication of this controversy.

39.     Illinois has a clear and substantial interest in preventing the conduct described herein as the alleged wrongdoing occurred in Illinois in part and affected all Class members, among others.

-12-

## COUNT I

## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/2

1-39.   Plaintiff repeats and realleges all allegations in paragraphs 1 through 39 herein as though fully set forth in this Count I.

40.   By and through its practice and policy of manufacturing, selling, distributing and advertising that "Skinnygirl" Margaritas are "all-natural" and contain "no preservatives", when in fact said representations and/or omissions are false and misleading, Defendants fraudulently misrepresented, concealed and/or omitted material facts to Plaintiff and the Class.

41.   Defendants had knowledge of such material misrepresentations, concealment and/or omissions.

42.   Such fraud was committed by Defendants in the course of trade and commerce, as Plaintiff and the Class were consumers of "Skinnygirl" Margaritas.

43.   Defendants intended that its fraudulent misrepresentations, concealment and/or omissions would induce Plaintiff and the Class to purchase "Skinnygirl" Margaritas to the benefit of Defendants and to the detriment of Plaintiff and the Class.

44.   Plaintiff and the Class reasonably relied upon Defendants' representations and/or omissions as being "all-natural", containing "no preservatives" and being the "margarita you can trust."

45.   Defendants' aforementioned conduct is unfair, immoral, unjust and unscrupulous, in that Defendants misrepresented, concealed and/or omitted from Plaintiff and the Class that "Skinnygirl" Margaritas are not "all-natural" and contain "no preservatives", i.e., sodium

-13-

benzoate.

46.     As a proximate result of Defendants' conduct, concealment, misrepresentations and/or omissions Plaintiff and the Class suffered damages.

## COUNT II

### BREACH OF EXPRESS WARRANTY - 810 ILCS 5/2-313

1-46.   Plaintiff repeats and realleges all allegations in paragraphs 1 through 46 herein as though fully set forth in this Count II.

47.     Defendants' "Skinnygirl" Margaritas is a consumer good and Defendants are merchants within the meaning of 810 ILCS 5/2-313.

48.     In the course of commerce Defendants describe the "Skinnygirl" Margaritas as being "all-natural", containing "no preservatives" and being the "margarita you can trust".

49.     Defendants' aforesaid description forms part of the basis of the bargain in that it creates an express warranty that the "Skinnygirl" Margaritas are "all-natural" and contain "no-preservatives".

50.     Defendants have committed a breach of express warranty pursuant to 810 ILCS 5/2-313 because Defendants' "Skinnygirl" Margaritas are not "all-natural" and contain preservatives, i.e., sodium benzoate.

51.     As a proximate result of Defendants' breach of express warranty, Plaintiff and the class have and will suffer damages.

## COUNT III

### BREACH OF IMPLIED WARRANTY - 810 ILCS 5/2-314 and 5/2-315

52.     Plaintiff repeats and realleges all allegations in paragraphs 1 through 52 herein

-14-

as though fully set forth in this Count III.

53. Defendants have committed a breach of implied warranty of merchantability and/or implied warranty of fitness for a particular purpose pursuant to 810 ILCS 5/2-314 and 5/2-315.

54. Defendants' "Skinnygirl" Margaritas are consumer goods and Defendants are merchants within the meaning of 810 ILCS 5/2-314 and 5/2-315.

55. Defendants' "Skinnygirl" Margaritas are sold with the implied warranty that they are fit for ordinary use and/or a particular purpose, an "all natural" product containing "no preservatives" for human consumption.

56. Defendants' "Skinnygirl" Margaritas are not "all natural" and contain preservatives, i.e., sodium benzoate and Defendants' misrepresentations and/or omissions as alleged herein formed the basis of the bargain between the parties.

57. Defendants' "Skinnygirl" Margaritas are not reasonably fit for their ordinary use and/or particular purpose in that when Plaintiff and the Class made their purchase, they could not have reasonably expected, that Defendants' product, contrary to their claims, was not "all natural" and contained preservatives, i.e., sodium benzoate.

58. As a proximate result of Defendants' breach of implied warranty, Plaintiff and the class have and will suffer damages including, but not limited to the purchase price of the "Skinnygirl" Margaritas.

## COUNT IV

### PROMISSORY ESTOPPEL

1-58. Plaintiff repeats and realleges paragraphs 1 through 58 herein as though fully set

forth in this Count IV.

59.     Defendants clearly and unambiguously promised the public that "Skinnygirl" was "all-natural" and contained "no preservatives".

60.     Defendants knew or should have known that Plaintiff and the members of the proposed Class would rely upon their representations and/or omissions by targeting a specific consumer in their marketing and advertising of "Skinnygirl" Margaritas.

61.     Plaintiff and other members of the proposed Class relied upon Defendants' representations and/or omissions that "Skinnygirl" Margaritas were "all natural" and contained "no  preservatives".

62.     By reason of the foregoing, Plaintiff and other members of the proposed Class have suffered damages in an amount to be determined at trial.

**COUNT V**

**<u>BREACH OF CONTRACT</u>**

1-62    Plaintiff repeats and realleges paragraphs 1 through 62herein as though fully set forth in this Count V.

63      Plaintiff and the putative class members contracted with Defendants for "Skinnygirl" Margaritas which were offered by the Defendants as being "all natural" and containing "no preservatives".  Said offer was accepted by the Plaintiff and the Class who paid for the "Skinnygirl" Margaritas when, in fact, they were not "all natural" and contained preservatives, i.e., sodium benzoate.

64      In breach of Defendants' agreement with the Plaintiff and the Class, Defendants charged a premium for its Skinnygirl Margaritas which were not "all natural" and contained

-16-

preservatives, i.e., sodium benozoate, contrary to their offer and contract.

65.     As a result of Defendant's breach of contract, by charging for a product that was allegedly "all natural" and contained "no preservatives" when in fact it contained sodium benzoate,  Plaintiff and the putative class members suffered damages associated with said charges, plus interest.

## COUNT VI

## UNJUST ENRICHMENT

1-65 Plaintiff repeats and realleges paragraphs 1 through 59 herein as though fully set forth in this Count VI.

66     Defendants have benefitted by retaining the purchase price of the "Skinnygirl" Margaritas paid to them by Plaintiff and the Class, although the product was not "all natural" and contained preservatives, i.e., sodium benzoate, to the detriment of the Plaintiff and the Class and have thereby been unjustly enriched.

67     All monies paid to Defendants for the purchase of "Skinnygirl" Margaritas should, in equity and good conscience, be refunded and returned to the Plaintiffs and the Class, with interest thereon.

## COUNT VII

## DECLARATORY JUDGMENT

1-67    Plaintiff repeats and realleges paragraphs 1 through 67herein as though fully set forth in this Count VII.

68.     Plaintiff and the Class have substantial legal interests in the events described herein and should be informed by Defendants as to whether or not "Skinnygirl" Margaritas are

"all natural" and/or contain "preservatives"

69.     Plaintiff and the Class also have the right to right to receive any and all information in Defendants' actual or constructive possession or control concerning "Skinnygirl" Margaritas being all natural and/or containing "preservatives" and the extent of Defendants' knowledge regarding same - which of course, may affect or may have affected Plaintiff and the Class.

70.     Defendants, however have taken and continue to take the opposite approach by, at all relevant times, misrepresenting that "Skinnygirl" Margaritas are "all natural" and contain "no preservatives", when in fact said representations are false.

71.     Defendants have interests adverse to Plaintiff and the Class, and in fact have benefited as a result of their misrepresentations and/or omission as to "Skinnygirl" Margaritas being "all natural" and containing "no preservatives" at the expense of Plaintiff and the Class, so that an actual case or controversy exists.

72.     The Court can resolve this dispute by declaring the parties' relevant rights and obligations under Illinois law, by requiring Defendants to disclose the information requested herein, and by establishing a constructive trust consisting of all revenue and monies collected from Plaintiff and the Class as a result of the manufacture, sale and distribution of "Skinnygirl" Margaritas until further order of the Court.

## COUNT VIII

### INJUNCTION

1-73.   Plaintiff repeats and realleges paragraphs 1 through 73 herein as though fully set forth in this Count VIII.

74.     Plaintiff and the Class have no adequate remedy at law to restrain Defendants'

-18-

conduct with respect to their manufacture, distribution and sale of "Skinnygirl" Margaritas as being "all natural" and containing "no preservatives" and Plaintiff and the Class will suffer irreparable harm and injury if Defendants are not restrained from said conduct requiring the entry of a temporary restraining order and a preliminary/permanent injunction and mandatory injunction.

75.    Pursuant to 735 ILCS 5/11-101 , and based upon the facts and circumstances alleged herein, Defendants should be restrained by a temporary restraining order and/or preliminary and permanent injunction from their manufacturing, sale and distribution of "Skinnygirl" Margaritas as being "all natural" and containing "no preservatives" until further order of Court.

76.    Pursuant to 735 ILCS 5/11-102 and based upon the facts and circumstances alleged herein, Defendants should be directed by a preliminary and permanent mandatory injunction to discontinue its distribution and sale of "Skinnygirl" Margaritas as being "all natural" and containing "no preservatives" to Plaintiff and the Class, and set aside or segregate funds to reimburse Plaintiff and the Class for all damages with respect to the purchase of "Skinnygirl" Margaritas.

77.    Plaintiff and the Class are likely to succeed on the merits and the hardships are balanced in their favor.

72.    For good cause shown, bond should be waived.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LANGENDORF, prays that this Honorable Court enter an Order as follows:

A.    Certifying the Plaintiff class as defined herein;

B.      Appointing Plaintiff as class representative and appointing the attorneys herein as lead class counsel for the Plaintiff class defined herein;

C.      Finding that Defendants' conduct violates public policy;

D.      Finding that Defendants' conduct constitutes a breach of contract;

E.      Finding that Defendants' conduct constitutes unjust enrichment;

F.      Finding that Defendants' conduct constitutes promissory estoppel;

G.      Finding that Defendants' conduct constitutes a violation of the Illinois Consumer Fraud and Deceptive Practices Act - 815 ILCS 505/2;

H.      Finding that Defendants engaged in false or misleading advertising;

I.      Finding that Plaintiff and the Class sustained monetary loss and creating a constructive trust therefore until further order of Court;

J.      Finding that Defendants' conduct violated 810 ILCS 5/2-313, 314 and 315;

K.      Finding that Plaintiff and the Class are entitled to declaratory judgment;

L.      Finding that Plaintiff and the Class are entitled to injunctive relief.

M.      Awarding the Plaintiff class reasonable attorneys' fees in addition to any funds recovered from this suit.

AMY LANGENDORF, on behalf of herself and all others similarly situated,

By: _____

LARRY D. DRURY
LARRY D. DRURY, LTD.
100 North LaSalle Street, Suite 1010
Chicago, IL 60602
312/346-7950
312/346-5777 (fax)
ARDC No. 00681024