IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY LANGENDORF, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) SKINNYGIRL COCKTAILS, LLC, BETHANY ) FRANKEL, SGC GLOBAL, LLC and BEAM ) GLOBAL SPIRITS & WINE, INC., ) ) Defendants. ) | Case No. 1:11-cv-07060<br><br>Judge Charles R. Norgle, Jr. |

## DEFENDANT SGC GLOBAL, LLC'S
## MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Defendant SGC Global, LLC f/k/a Skinnygirl Cocktails, LLC ("SGC Global") hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims Plaintiff asserts against SGC Global in her Amended Class Action Complaint ("Amended Complaint")[1]. In support of its Motion, SGC Global states as follows:

1. In her Amended Complaint against SGC Global, Plaintiff alleges that SGC Global violated provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA") (Count I). The Amended Complaint also asserts claims for breach of express and implied warranties (Count II and III), promissory estoppel (Count IV), breach of contract (Count V), unjust enrichment (Count VI), declaratory judgment (Count VII) and injunction (Count VIII).

---

[1] Plaintiff commenced this action on October 6, 2011. On November 16, 2011, Plaintiff filed her Amended Complaint. Plaintiff's Complaint and Amended Complaint both erroneously name Skinnygirl Cocktails, LLC and SGC Global, LLC as defendants. In March 2011, Skinnygirl Cocktails, LLC changed its name to SGC Global, LLC. Thus, SGC Global, LLC is the only proper party defendant and responds to the Amended Complaint accordingly.

2. All of Plaintiff's causes of actions against SGC Global are fatally flawed because Plaintiff fails to sufficiently allege the required elements necessary to state such claims.

3. Plaintiff's ICFA claim fails because Plaintiff fails to allege, with the required specificity, the required proximate causation between any alleged deception by SGC Global and any injury to Plaintiff.

4. Plaintiff's warranty claims (Counts II and III) should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to provide SGC Global with the statutorily required pre-suit notice and opportunity to cure.

5. In addition, Plaintiff's claim for breach of express warranty should be dismissed because Plaintiff fails to plead the terms of any written express warranty SGC Global allegedly breached or that any such breach caused her any harm.

6. Plaintiff's breach of implied warranty claim fails because Plaintiff fails to allege privity. Further, Plaintiff's claim for breach of implied warranty of fitness for a particular purpose fails because Plaintiff fails to allege that she bought Skinnygirl Margarita for a particular purpose that was different from the ordinary purpose for that product, or that SGC Global was aware of any non-ordinary purpose for Plaintiff's selection of Skinnygirl Margarita. Likewise, Plaintiff's claim for breach of implied warranty of merchantability is flawed because Plaintiff does not sufficiently allege that Skinnygirl Margarita was unsafe or not fit for the ordinary purpose for which it was used.

7. Plaintiff's promissory estoppel claim fails because Plaintiff fails to plead the elements of the cause of action. Further, inasmuch as a valid retail sales contract exists as a result of Plaintiff's purchase of Skinnygirl Margarita, Plaintiff's promissory estoppel claim fails as a matter of law.

8. Plaintiff's breach of contract claim fails because Plaintiff fails to allege a valid and enforceable contract with SGC Global, that Plaintiff performed and which SGC Global breached, causation, and damages, as well as Plaintiff's compliance with pre-suit notice requirements under the Illinois Uniform Commercial Code, 810 ILCS §§ 5/2-102, 5/105(a), and 5/2-607(a)(3).

9. Plaintiff's unjust enrichment claim fails because Plaintiff fails to sufficiently allege (a) another valid cause of action that caused SGC Global alleged enrichment to be unjust, (b) the required detriment to Plaintiff and enrichment to SGC Global, and (c) that Plaintiff has no adequate remedy at law, and because Plaintiff concedes the existence of a sales contract with respect to her purchase of Skinnygirl Margarita.

10 Lastly, Counts VII and VII of the Complaint should be dismissed because declaratory and injunctive relief are not standalone causes of action and Plaintiff fails to plead facts entitling her to such relief. Plaintiff's claim for declaratory relief is also duplicative and substantially overlaps with her substantive claims, would not dispose of the entire controversy, and the relief she seeks is improper.

11. In support of its Motion, SGC Global simultaneously files herewith its Memorandum of Law in Support of Its Motion to Dismiss the Amended Class Action Complaint, which is hereby incorporated by reference.

WHEREFORE, Defendant SGC Global, LLC respectfully requests that this Court dismiss the claims Plaintiff asserts against it with prejudice and grants such other relief that the Court deems necessary and just.

Dated: December 16, 2011                    SGC Global, LLC f/k/a
                                            Skinnygirl Cocktails, LLC


                                            By:     /s/ Francis A. Citera
                                                    One of Its Attorneys

Francis A. Citera (ARDC 6185263)
Greenberg Traurig, LLC
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
(312) 456-8400 Telephone
(312) 456-8435 Facsimile
citeraf@gtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2011, I electronically filed the foregoing Defendant SGC Global, LLC's Motion to Dismiss the Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered parties:

Larry D. Drury
Larry D. Drury, Ltd.
100 North LaSalle, Suite 1010
Chicago, Illinois 60602

Christopher T. Sheean
Richard J. Keating
Swanson, Martin & Bell LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611

and served on the following parties by U.S. Mail:

Mr. Donald I. Strauber
Ms. Mary T. Yelenick
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112

/s/ Francis A. Citera