IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY LANGENDORF, on behalf of herself and all others similarly situated, ) ) ) | |
| ) | Case No. 1:11-cv-07060 |
| Plaintiff, ) ) | |
| v. ) ) | |
| SKINNYGIRL COCKTAILS, LLC, BETHANY ) FRANKEL, SGC GLOBAL, LLC and BEAM ) GLOBAL SPIRITS & WINE, INC., ) ) | Judge Charles R. Norgle, Jr. |
| Defendants. ) | |

**DEFENDANT SGC GLOBAL, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendant SGC Global, LLC f/k/a Skinnygirl Cocktails, LLC ("SGC Global") submits this Memorandum in Support of Its Motion to Dismiss Plaintiff's Amended Class Action Complaint ("Amended Complaint").[1] As set forth more fully below, the Amended Complaint is fatally flawed for several reasons and this Motion should be granted in its entirety.

**BACKGROUND**[2]

**A.   The Parties**

SGC Global is a Delaware limited liability company, headquartered in New York. (Am. Compl. ¶¶ 2, 4.) Under its former name, SGC Global created "Skinnygirl Margarita," a ready-to-drink alcoholic beverage. (*Id.* ¶ 2.) Frankel, who created the "Skinnygirl" brand, is a

---

[1] Plaintiff commenced this action on October 6, 2011. On November 16, 2011, Plaintiff filed her Amended Complaint. Plaintiff's Complaint and Amended Complaint both erroneously name Skinnygirl Cocktails, LLC and SGC Global, LLC as defendants. In March 2011, Skinnygirl Cocktails, LLC changed its name to SGC Global, LLC. Thus, SGC Global, LLC is the only proper party defendant and responds to the Amended Complaint accordingly.

[2] Consistent with Fed. R. Civ. P. 12(b)(6), the facts are taken from Plaintiff's Amended Complaint. *See Wright v. Assoc. Ins.*, 29 F.3d 1244, 1248 (7th Cir. 1994). For purposes of this Motion only, SGC Global assumes the truth of the Amended Complaint's well-pleaded facts.

television star, best-selling author, and natural foods chef and entrepreneur who is a resident and citizen of New York. (*Id.* ¶¶ 3, 12.)

In March 2011, Skinnygirl Margarita was sold to Beam Global Spirits and Wine, Inc. ("Beam") (*Id.* ¶ 5.) Beam is a Delaware corporation, headquartered in Illinois, which markets, sells, and distributes a variety of premium spirits. (*Id.* ¶ 5.)

Plaintiff is a resident and citizen of Illinois. (*Id.* ¶ 1.) Plaintiff alleges that she purchased several bottles of Skinnygirl Margarita from an unspecified location before August 1, 2011 at a price of approximately $15.00. (*Id.* ¶ 21.)

### B. Allegations of the Defendants' Allegedly Deceptive Conduct

Plaintiff alleges that Skinnygirl Margarita is falsely labeled as being "all natural," having "natural flavors," and being "the margarita you can trust." (*Id.* ¶ 9.) Plaintiff alleges that at some unspecified time Frankel falsely claimed in a testimonial that Skinnygirl Margarita was "all natural" and that she did not disclose the presence of sodium benzoate, an unnatural preservative, in Skinnygirl Margarita. (*Id.* ¶ 10.) Plaintiff further alleges that the false and deceptive statements about Skinnygirl Margarita being "all natural" are found throughout the Skinnygirl Margarita advertising campaign.[3] (*Id.* ¶ 14.) Plaintiff does not differentiate among the different defendants or attribute alleged misstatements to specific defendants. Rather, the Amended Complaint lumps each of the defendants together. For example, Plaintiff fails to include a single allegation about her alleged purchase of Skinnygirl Margarita and SGC Global.

### C. The Alleged Damages

Plaintiff alleges that she paid a premium for Skinnygirl Margarita based upon the allegedly false "all natural" quality of the product and that she suffered injury and lost money as

---

[3] The Complaint also alleges that at some unspecified time Skinnygirl Margarita was falsely labeled as "100% Blue Agave clear tequila." (*Id.* ¶¶ 8, 17-20.) Inasmuch as Plaintiff does not allege that any such statement misled her or caused her any injury, these allegations are irrelevant to her claims. (*Id.* ¶ 21.)

a result. (*Id.* ¶ 21.) Plaintiff alleges no other damages. (*Id.*) Plaintiff does not allege that she purchased Skinnygirl Margarita because of its "all natural" quality. (*Id.*)

## ARGUMENT

### A. Standard of Review

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate whenever a plaintiff fails to allege sufficient facts in support of a claim that would entitle her to relief, or where a matter can be disposed of as a matter of law based upon facts contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969-70 (2007); *Tregenza v. Great Am. Commc'n Co.*, 12 F.3d 717, 718 (7th Cir. 2004) (where a plaintiff "pleads facts that show that his suit is … without merit, he plead[s] himself out of court"); *Ogden Martin Sys. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). Conclusory allegations, unsupported by specific facts, and bare conclusions of law, are always insufficient to survive a motion to dismiss. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981).

Like all fraud claims, a claim brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") must meet Rule 9(b)'s heightened pleading requirements. *Stephenson v. Hartford Life and Annuity Ins. Co.*, No. 02 C 3917, 2003 WL 22232968, at *5-6 (N.D. Ill. Sept. 26, 2003). Under Rule 9(b), Plaintiff must plead the factual basis for her claim of fraud with particularity, *i.e.*, the "who, what, when, where and how." *Id.*

### B. Count I Should Be Dismissed Because Its Fails to State a Claim Under the Illinois Consumer Fraud Act.

To state a claim under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by defendant, (2) defendant's intent that plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to plaintiff, (5) proximately caused by the deception. *Avery v. State Farm Mut. Auto. Ins.*, 835

N.E.2d 801, 850 (Ill. 2005). To plead proximate cause, a plaintiff must allege with specificity that she was deceived by statements or representations made by defendant. *Shannon v. Boise Cascade Corp.*, 805 N.E.2d 213, 217 (Ill. 2004) ("deceptive advertising cannot be the proximate cause of damages under the Act unless it actually deceives plaintiff"); *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 157-64 (Ill. 2002). A plaintiff must allege that she saw, heard, or read deceptive statements or representations by the defendant. *Shannon*, 805 N.E.2d at 217; *Zekman v. Direct Am. Marketers, Inc.*, 695 N.E.2d 853, 861-62 (Ill. 1998) (plaintiff cannot be deceived by what she did not read). In this instance, Plaintiff can only state valid ICFA claims against SBC Global with respect to statements or representations that were made by it in connection with her alleged purchase of Skinnygirl Margarita. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 594 (Ill. 1996).

Count I fails to allege the requisite causal nexus. Plaintiff does not allege any specific misstatements made by SGC Global that she relied upon when purchasing Skinnygirl Margarita. This alone is fatal to her claim. Moreover, while she alleges that she purchased several bottles of Skinnygirl Margarita before August 1, 2011 and "paid a premium to other comparable products on the market … [based] on the purported "All-natural" quality of the SKINNYGIRL product" (Am. Compl. ¶ 21), she fails to allege that she saw the "all natural" claim on the Skinnygirl Margarita product that she purchased or that such a statement caused her to purchase the product. (Am. Compl. ¶ 21.) Similarly absent from the Amended Complaint is an allegation that Plaintiff would not have purchased Skinnygirl Margarita but for its "all natural" quality. As a result, Plaintiff's Amended Complaint fails to allege the requisite proximate cause between any purported deception between SGC Global and Plaintiff's purported damages.

### C. Plaintiff's Breach of Warranty Claims Fail As a Matter of Law

#### 1. Plaintiff Failed to Provide SGC Global With Pre-Suit Notice

When a buyer of goods intends to bring a cause of action for breach of warranty, the buyer must notify the seller of the alleged breach before filing suit; otherwise, the buyer's claims are barred. Section 2-607(3)(a) of the Illinois Uniform Commercial Code states: "Where a tender has been accepted the buyer must, within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." 810 ILCS 5/2-607(3)(a); *see also Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 589 (Ill. 1996) (stating that buyers "must directly notify the seller of the troublesome nature of the transaction or be barred from recovery from a breach of warranty"). Illinois courts have concluded that the "purpose of the notice is to give the seller the opportunity to cure a defect and minimize damages"); *Schreib v. Walt Disney Corp.*, No. 1-05-0094, 2006 WL 573008, at *5 (N.D. Ill. Feb. 1, 2006). The duty to provide notice applies equally to claims for express and implied warranties. *See Connick*, 675 N.E.2d at 591 (finding that failure to allege sufficient notice was fatal to plaintiffs' claim for breach of express and implied warranties); *Schreib*, 2006 WL 573008, at *5 (affirming dismissal of express and implied warranty claims under the UCC).

Inasmuch as Plaintiff does not and cannot allege that she provided SGC Global with the statutory notice required under Section 2-607(3)(a) of the Illinois Uniform Commercial Code, Plaintiff's claims for breach of express and implied warranties are statutorily barred and must be dismissed.

#### 2. Plaintiff Fails to State a Claim for Breach of Express Warranty

Count II (Breach of Express Warranty) fails for the additional reason that Plaintiff does not and cannot sufficiently plead the elements of her claim. Under Illinois law, claims for breach of express warranty are governed by the Illinois Uniform Commercial Code. *See* 810 ILCS 5/1-

101. To state a claim for breach of express warranty, the plaintiff must allege "the terms of the warranty, the failure of some warranted part, a demand upon the defendant to perform under the terms of the warranty and failure [by] the defendant to do so, compliance with the terms of the warranty by the plaintiff, and damages measured by the terms of the warranty." *See Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 638 (Ill. App. Ct. 2001). Plaintiff must allege the exact terms of the warranty. To survive federal pleading standards, plaintiff must specify the particular affirmation or promise that formed the basis of the bargain with defendant. *Heisner v. Genzyme Corp.*, No 08-C-593, 2008 WL 2940811, at *8 (N.D. Ill. July 25 2008) (Court dismissed an express warranty claim where Plaintiff "offered nothing more than a formulaic recitation of the elements" of the cause of action).

Plaintiff's express warranty claim against SGC Global is fatally flawed for several reasons. First, Plaintiff fails to adequately allege a contract with SGC Global giving rise to the creation of any express warranty. Second, Plaintiff fails to allege that she was harmed by any breach of an express warranty by SGC Global. Third, Plaintiff fails to allege that any such breach by SGC Global was a substantial factor causing her harm.

### 3. Plaintiff Fails to State a Claim for Breach of Implied Warranty

Count III (Breach of Implied Warranty of Fitness for a Particular Purpose and Merchantability) is also fatally flawed for several reasons. In Illinois, in order to recover damages based on a theory of implied warranty, plaintiff "must be in vertical privity of contract with the seller." *Jensen v. Bayer A.G.*, 862 N.E.2d 1091, 1099 (Ill. App. Ct. 2007); *Larry J. Soldinger Assoc. v. Aston Martin*, No 97 C 7792, 1999 WL 756174 at *6 (N.D. Ill. Sept. 13, 1999) ("In Illinois, a plaintiff may pursue a UCC breach of implied warranty claim for economic damages only if he is in privity of contract with the seller.")

To prevail on a claim for breach of implied warranty of fitness for a particular purpose, a plaintiff "must allege that (1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew the buyer's reliance on its skill and judgment. For such a warranty to exist, the goods must be for a purpose other than their ordinary use." *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D.Ill. 2007) (citation and internal quotes omitted).

The implied warranty of merchantability imposes only a "minimal level of quality" on goods. "It does not 'impose a general requirement that the goods precisely fulfill the expectation of the buyer.'" *Skelton v. General Motors Corp.*, 500 F. Supp. 1181, 1191 (N.D. Ill. 1980). This minimal level of quality means only that the goods will pass without objection in the trade under the contract description, are fit for the ordinary purposes for which such goods are used, are adequately contained, packaged, and labeled, and conform to the promises or affirmations of fact made on the container or label. *Malawy v. Richard Mfg. Co.*, 501 N.E.2d 376, 383 (Ill. App. Ct. 1986) ("[T]he pivotal inquiry as to liability for breach of an implied warranty is whether the product conforms to the standards of merchantability …")

Here, Plaintiff's claims for breach of implied warranty of fitness for a particular purpose and merchantability are flawed because Plaintiff fails to allege that she purchased Skinnygirl Margarita from SGC Global, and therefore, fails to allege vertical privity. (Am. Compl. ¶¶ 53-58.) This alone requires dismissal of Count III. Inasmuch as Plaintiff fails to allege the non-ordinary use for which she purportedly used her Skinnygirl Margarita, that she told SGC Global of this non-ordinary use, or that SGC Global had reason to know that Plaintiff was relying upon SGC Global's skill or judgment when she purchased Skinnygirl Margarita, Plaintiff's claim for

7

breach of implied warranty for particular purpose fails. *In re McDonald's*, 503 F. Supp. 2d at 957. Plaintiff's claim for breach of implied warranty of merchantability also fails because Plaintiff fails to allege that Skinnygirl Margarita is unsafe or not fit for the ordinary purpose for which it is used. Plaintiff also fails to allege how any such breach of implied warranty caused her to suffer any damages.

### D.     Plaintiff Fails to State a Claim for Promissory Estoppel.

To state a claim for promissory estoppel, plaintiff must allege that "(1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such a promise, (3) plaintiff's reliance was expected and foreseeable by defendant[] and (4) plaintiff relied on the promise to its detriment." *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 523-24 (Ill. 2009). For purposes of a promissory estoppel claim, the "promise" must involve a declaration that "one will do or refrain from doing something specified." *Derby Meadows Util. Co. v. Inter-Continental Real Estate*, 559 N.E.2d 986, 995 (Ill. App. Ct. 1990). A mere representation of fact is not a "promise" for purposes of promissory estoppel. *See Guar. Residential Lending, Inc. v. Int'l Mortg. Ctr., Inc.*, 305 F. Supp. 2d 846, 866 (N.D. Ill. 2004). Moreover, it is well settled that a plaintiff cannot state a claim for promissory estoppel where an express contract exists. *See Id.* at 524 ("Promissory estoppel is an available theory in the absence of a contract"); *see also Dumas v. Infinity Broad. Corp.*, 416 F.3d 671, 677 (7th Cir. 2005); *Korean Am. Broad. Co., Inc. v. Korean Broad. Sys.*, No. 09 C 6665, 2010 WL 2075566 at *9 (N.D. Ill. Aug. 4, 2010) (quoting *All-Tech Telecom. Inc. v. Amway Corp.*, 174 F.3d 862, 896-70 (7th Cir. 1999)).

Inasmuch as a sales contract exists because of Plaintiff's purchase of Skinnygirl Margarita, her claim for promissory estoppel necessarily fails. Count III is also flawed because Plaintiff fails to allege that SGC Global promised to do or not do a specific act as required for a

8

promissory estoppel claim, that Plaintiff relied upon any such actionable promise by SGC Global, or that her reliance upon any such actionable promise by SGC Global caused her injury.

   **E. Count VI Should Be Dismissed Because It Fails to State a Claim for Breach of Contract Against SGC Global.**

  To state a claim for breach of contract, plaintiff must allege: (1) the existence of a valid and enforceable contract between her and the defendant; (2) that she substantially performed her obligations under that contract; (3) that defendant breached its contractual obligations; and (4) as a result of defendant's breach, plaintiff suffered damages. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *Royal Sleep Prod., LLC v. Restonic Corp.*, No. 07 C 6588, 2010 WL 1172555 at *7 (N.D. Ill. March 22, 2010). Here, Plaintiff fails to allege a claim for breach of contract for multiple reasons.

  First, Plaintiff fails to allege the existence of a valid and enforceable contract between her and SGC Global. Her conclusory allegation that she "contracted" with "Defendants" is wholly insufficient to state a claim. (Am. Compl. ¶ 63.) Plaintiff does not and cannot allege that any of these "Defendants" was SGC Global.

  Second, Plaintiff fails to identify the terms of any alleged contract with SGC Global. The Seventh Circuit has held that when a consumer enters into an "everyday sales contract" with a retailer, "the contract terms [are] memorialized in the sales receipt that the plaintiff[] received" at the time of the transaction. *Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010). Plaintiff fails to attach to her Amended Complaint the sales receipt from her alleged purchase of Skinnygirl Margarita or describe those terms. Thus, Plaintiff fails to allege the existence of any valid and enforceable contract term with SGC Global that creates the specific contractual rights that she seeks to enforce.

9

Third, Plaintiff fails to sufficiently allege a breach. SGC Global cannot breach a contractual term that is not a part of a contract and, furthermore, cannot breach a contract to which it is not a party. Plaintiff's Amended Complaint fails to allege how SGC Global breached the sales contract between Plaintiff and the retailer from whom she purchased Skinnygirl Margarita.

Fourth, even if Plaintiff alleged a breach of contract claim, her claim would still be subject to dismissal with prejudice for failing to provide SGC Global with pre-suit notice as required under Illinois law. *See* 810 ILCS §§ 5/2-102, 5/2-105(a), 5/2-607(a)(3). Pre-suit notice is an essential element of a breach of contract claim in actions governed by the Illinois UCC, which applies here. Non-compliance with the UCC is fatal. *See Connick*, 675 N.E.2d at 591; *Anthony v. Country Life Mfg., LLC*, No. 02 C 1601, 2002 WL 31269621, at * 3-4 (N.D. Ill. Oct. 9, 2002).

**F.     Counts VI Should Be Dismissed Because It Fails to State a Claim for Unjust Enrichment**

To state a claim for unjust enrichment, "plaintiff must allege that defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp.*, 545 N.E.2d 672, 679 (Ill. 1989); *see TRW Title Ins. v. Sec. Union Title Ins.*, 153 F.3d 822, 828 (7th Cir. 1998) (citing *HPI Health Care Servs., Inc.*). Under Illinois law, a cause of action for unjust enrichment may be predicated on either quasi-contract or tort. *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill. App. Ct. 1998).

A plaintiff may not state a claim for unjust enrichment grounded in quasi-contract when an express contract exists. *Cromeens, Holloman, Sibert, Inc. v. Ab Volvo*, 349 F.3d 376, 397 (7th Cir. 2003); *Fox Controls, Inc. v. Honeywell, Inc.*, No. 02 C 346, 2005 WL 1705832, at *12 (N.D.

Ill. July 14, 2005) (a plaintiff may not recover on both a contract claim and a quasi-contract claim). The ability to plead unjust enrichment grounded in tort is dependent upon a plaintiff's ability to state some other valid cause of action that caused the alleged "enrichment" to be unjust." *Alliance Acceptance Co. v. Yale Ins. Agency, Inc.*, 648 N.E.2d 971, 977 (Ill. App. Ct. 1995). As the *Alliance* court stated:

> The term "unjust enrichment" is not descriptive of conduct that, standing alone, will justify an action for recovery. Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct.

*Id.* (quoting *Charles Hester Enter., Inc. v. Ill. Founders Ins.*, 484 N.E.2d 349, 354 (Ill. App. Ct. 1985)); *accord Bober v. Glaxo Welcome Plc.*, 246 F.3d 934, 943 (7th Cir. 2001) (when consumer fraud claim failed, unjust enrichment also failed; "in the absence of any deception on the part of the defendants, the requisite violation of 'fundamental principles of justice, equity, and good conscience' is not present").

Here, Count VI fails for several reasons. First, as a matter of law, Plaintiff cannot state an unjust enrichment claim based upon quasi-contract because Plaintiff concedes that there exists a separate enforceable retail sales contract with respect to her purchase of Skinnygirl Margarita. *Cromeens*, 349 F.3d at 397 (if there is an enforceable contract, "quasi-contractual relief is no longer available"). Second, Plaintiff fails to state unjust enrichment claims in tort because Count VI is not supported by an underlying cause of action that legally defines SGC Global's conduct as unlawful or improper. Because each of Plaintiff's other counts fail, Count VI necessarily fails. *See Bober*, 246 F.3d at 942; *Flexicorps, Inc. v. Trend Tech., Inc.*, No. 01 C 1754, 2002 WL 31018353, at *11 (N.D.Ill. Sept. 10, 2002). Count VI also fails because Plaintiff does not sufficiently allege an inadequate remedy at law. *See Season Comfort Corp v. Borenstein Co.*, 655 N.E.2d 1065, 1071 (Ill. App. Ct. 1995).

11

### G. Plaintiff Fails to State a Claim Entitling Her to the Declaratory and Injunctive Relief She Seeks.

Declaratory and injunctive relief -- as their names suggest -- are types of remedies, not standalone causes of action. *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D.Ill. 1995) ("An injunction is a remedy, not a cause of action."); *Jacobson v. Ford Motor Co.*, No 98 C 742, 1999 WL 966432, at *4 n.9 (N.D. Ill. Sept. 30, 1999) ("The court need only address the first three counts of Jacobson's complaint because Count IV is a plea for declaratory relief and thus does not state a separate cause of action"). Moreover, declaratory and injunctive relief are not available where a party does not establish the "threshold requirement" of "alleging an actual case or controversy." *See Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989) (citations omitted). In order to allege the existence of an actual case or controversy for bringing a claim seeking declaratory and injunctive relief, "a plaintiff must establish that he is in immediate danger of sustaining some direct injury." *Id.* (internal citations and quotations omitted). Here, the conduct Plaintiff complains of occurred in the past and, as such, Plaintiff is in no such immediate danger. *Id*. (dismissing claim for declaratory and injunctive relief based on lack of standing where plaintiff "failed to establish that he is in immediate danger of injury resulting from the conduct he challenges"); *Nelson v. Milwaukee Cty.*, No. 04 C 0193, 2006 WL 290510, at *3 (E.D. Wisc. Feb. 7, 2006) ("declaratory relief is unavailable as a means of adjudicating past conduct") (citing James Wm. Moore, *Moore's Federal Practice* § 57.04 (3d ed. 2005)); *Glazewski v. Coronet, Ins.*, 483 N.E.2d 1263, 1267 (Ill. 1985) ("plaintiffs know the problems … and armed with that knowledge, can avoid it").

Count VII -- Plaintiff's claim for declaratory judgment -- is also fatally flawed for other reasons. First, Plaintiff's claim for declaratory judgment is duplicative and redundant of her substantive causes of action and, as such, this claim serves no purpose. Where a declaratory

judgment will serve no useful purpose, a district court has discretion to dismiss it. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Courts have exercised that discretion where a plaintiff seeks a declaratory judgment that substantially overlaps its substantive claims. *See, e.g., Dixie Gas & Food, Inc. v. Shell Oil Co.*, No. 03 C 8210, 2005 WL 1273273, at *5 (N.D. Ill. May 25, 2005) ("[T]he process for determination on the merits is underway in this suit, and the additional declaratory judgment action requested by plaintiffs is redundant"). Here, Plaintiff alleges as part of her declaratory judgment claim that Skinnygirl Margarita was misrepresented as "all natural". (Am. Compl. ¶¶ 70-71.) These allegations are redundant and substantially overlap with her substantive claims, and, accordingly Count VII should be dismissed as duplicative.

Second, allowing Plaintiff's claim for declaratory relief would not dispose of the entire controversy, and is therefore, improper on that basis. *See Amalgamated Bank of Chicago v. Delmar Realty Co.*, No 98 C 6256, 1999 WL 417373, at *2 (N.D. Ill. June 14, 1999) (Courts shall decline to grant declaratory relief where the judgment would not "terminate and afford relief from the … controversy giving rise to the proceeding.") (citations omitted). The requested relief would not address causation or other elements of this case.

Finally, the relief which Plaintiff seeks is improper. Plaintiff requests that this Court declare the "parties' relevant rights and obligations under Illinois law, by requiring [unspecified] Defendants to disclose the information requested herein [relating to the contents of Skinnygirl Margarita], and by establishing a constructive trust consisting of all revenue and monies collected from Plaintiff and the Class as result of the manufacture, sale and distribution of 'Skinnygirl' Margaritas under further order of the Court." (Am. Compl. ¶ 72.) This is not a

proper basis for a declaratory judgment claim and amounts to nothing more than a request for information and alleged damages Plaintiff is already seeking.

Count VIII (Injunctive Relief) similarly fails. Injunctive relief is not a standalone cause of action. Moreover, Plaintiff fails to allege any of the prerequisites for injunctive relief, *i.e.*, irreparable injury, lack of an adequate remedy at law, etc. *Greenberg v. United Airlines, Inc.*, 563 N.E.2d 1031, 1037 (Ill. App. Ct. 1990) ("If plaintiff could be compensated with cash recovery, their harm is not irreparable."); *Season Comfort*, 655 N.E.2d at 1071 (equity will not entertain jurisdiction where there is an adequate remedy at law).

## CONCLUSION

For all of the foregoing reasons, SGC Global respectfully requests that this Court grant its Motion to Dismiss in its entirety.

Dated: December 16, 2011

SGC Global, LLC f/k/a
Skinnygirl Cocktails, LLC

By:     /s/ Francis A. Citera
        One of Their Attorneys

Francis A. Citera (ARDC 6185263)
Greenberg Traurig, LLC
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
(312) 456-8400 Telephone
(312) 456-8435 Facsimile
citeraf@gtlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 16, 2011, I electronically filed the foregoing Defendant SGC Global, LLC's Memorandum of Law in Support of Its Motion to Dismiss the Amended Class Action Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following registered parties:

Larry D. Drury
Larry D. Drury, Ltd.
100 North LaSalle, Suite 1010
Chicago, Illinois  60602

Christopher T. Sheean
Richard J. Keating
Swanson, Martin & Bell LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611

and served on the following parties by U.S. Mail:

Mr. Donald I. Strauber
Ms. Mary T. Yelenick
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York  10112

                                                    /s/ Francis A. Citera