**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | | |
|---|---|---|
| AMY LANGENDORF, on behalf of herself and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-07060 |
| SGC GLOBAL, LLC, et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SGC GLOBAL, LLC'S
MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

**INTRODUCTION**

This case arises from the Defendants' fraudulent labeling, sales, advertising and marketing of their Skinnygirl Margarita (hereinafter "Margarita") as being "all natural", having "natural flavors" and containing "100% Blue Agave clear tequila", when in fact the beverage contains a synthetic carcinogen - sodium benzoate, an unnatural preservative – and does not contain the stated tequila. Consumers, including the Plaintiff, paid a premium price for the Margarita based upon its ultimately false "all natural" and "100% Blue Agave tequila" quality, and were damaged and lost money as a result. By their conduct, the Defendants have: violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")(Count I); breached their express warranty (Count II); breached their implied warranty of fitness for a particular purpose (Count III); committed a breach of promissory estoppel (Count IV); breached their contract (Count V); and have been unjustly enriched (Count VI). Further, Plaintiffs are entitled to declaratory relief (Count VII) and injunctive relief (Count VIII).

Plaintiff filed her Amended Class Action Complaint [Doc. No. 7] (hereinafter the "Complaint") on November 16, 2011. All Defendants, with the exception of SGC Global, LLC

1

("SGC"), have filed an Answer to Plaintiff's Complaint. SGC has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Plaintiff's Complaint in its entirety[1]. SGC advances a jungle of thoughts in support of its motion to dismiss Plaintiff's complaint, none of which hold water. For the reasons stated below, the Defendant's motion to dismiss should be denied.

## STANDARD OF REVIEW

SGC moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See *In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir. 2000). In *Twombly* the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)*. A pleader is merely required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.' *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "[A] complaint that states a plausible claim for relief [will] survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

---

[1] Notably, SGC filed an Answer to the Complaint [Doc. No. 19] against it in Rapcinsky, et al., v. SGC Global, LLC, et al., 11cv6546, currently pending in the United States District Court for the Southern District of New York. That Complaint raises claims and pleads allegations identical to those in the instant case.

## ARGUMENT & AUTHORITIES

SGC's motion to dismiss Plaintiff's Complaint should be denied because SGC mischaracterizes the substance of Plaintiff's claims, and Plaintiff has adequately pled each of her causes of action.

## I. THE DEFENDANT'S MISCHARACTERIZATION OF THE COMPLAINT SHOULD BE DISREGARDED

An overwhelming majority of SGC's Motion to Dismiss is premised upon SGC's misrepresentation that the "Plaintiff does not allege that she purchased Skinnygirl Margarita because of its 'all natural' quality". *See* SGC's Motion at page 3. In fact, the entirety of Plaintiff's complaint is focused on the fact that she purchased the Margarita *because* of its alleged 'all natural' quality and "100% Blue Agave clear tequila". Although this allegation is clear from the Complaint, the Court could similarly infer same for purposes of finding that these elements exist and have been pleaded. *Kost v. Kozakiewicz*, 1 F.3d 176, 183; *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384. Such an allegation can be inferred from numerous of Plaintiff's allegations:

a. [ ] Plaintiff did not receive the product that was advertised, **and would not have purchased it had the truth been known**. ¶22 of the Complaint, incorporated by reference into all Counts (emphasis added);

b. The Defendants, including SGC, "specifically aim their product at a growing and affluent segment of society seeking organic or all natural products." ¶13 and incorporated by reference into all Counts;

      c.     "Defendants' advertising and marketing campaign is designed to cause consumers to buy Skinnygirl Margaritas as a result of this deceptive message, and Defendants have succeeded.  ¶15 and incorporated by reference into all Counts;

      d.     "Plaintiff purchased Skinnygirl brand spirits as advertised, paid a premium to other comparable products on the market [ ] on the purported "All Natural" quality of the Skinnygirl product and suffered injury and lost money as a result of the false advertising and unfair business practices described herein." ¶21 and incorporated by reference into all Counts; and

      e.     Plaintiff and the Class reasonably relied upon the Defendants' representations and/or omissions as being "all natural", containing "no preservatives" and being the "margarita you can trust." ¶44 and ¶61, incorporated by reference into all remaining Counts;

The aforementioned  allegations establish that Plaintiff has met her burden of pleading and/or inferring that her purchase of the Margarita was based upon the Defendants' conduct in falsely representing that it was 'all natural' and contained "100% Blue Agave tequila".  SGC's argument to the contrary – that Plaintiff failed to plead facts from which this Court can find *or infer* Plaintiff's purchase was based upon the Defendants' fraud - should be disregarded.

The Defendant also inexplicably labels Plaintiff's allegations regarding the Defendants' false claim that the Margarita contained 100% Blue Agave clear tequila as "irrelevant"   In a footnote, SGC states:

> "The Complaint also alleges that at some unspecified time Skinnygirl Margarita was falsely labeled as "100% Blue Agave clear tequila." Inasmuch as Plaintiff does not allege that any such statement misled her or caused her injury, these allegations are irrelevant to her claims."

*See* Fn.3 of SGC's Motion at p.2.  In fact, Plaintiff's claims regarding the false labeling of the Margarita as containing 100% Blue Agave clear tequila is part and parcel of every

single claim (Claims I-VIII) asserted by Plaintiff, wherein the introductory paragraph of each of Plaintiff's claims expressly incorporate Plaintiff's allegations concerning same, and the Complaint alleges numerous paragraphs regarding this issue throughout the *Factual Allegations* portion of the Complaint, i.e., ¶¶8, 10, 17, 18, 19, 20 and 52.  Based thereon, SGC's attempt to dismiss these allegations with a wave of the hand must fail.

Based upon the above facts and circumstances, the Defendant's motion should be denied.

## II.  PLAINTIFF STATES A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505 (COUNT I)

The Plaintiff has stated a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").  To state a claim under the ICFA, a Plaintiff need only allege: (1) a deceptive act or practice by the defendant; (2) defendant's intent that the Plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage to plaintiff that was (5) proximately caused by the deception. *Avery v. State Farm Mutual Auto Insurance*, 835 N.E.2d 801, 850 (Ill., 2005).  SGC argues only that Plaintiff failed to allege the 'proximate cause' element of her ICFA claim, and does not challenge the remaining elements.

The Defendant argues that the Plaintiff has failed to allege proximate cause because the Plaintiff did not plead that (1) she saw the 'all natural' claim on the Margarita product, or (2) that the 'all natural' claim caused her to purchase the product.  As regards the Defendant's argument that the Plaintiff failed to plead that she purchased the Margarita because it was "all natural" and contained "100% Blue Agave clear tequila", Plaintiff incorporates its earlier argument, having addressed this same issue at length above. *See* p.3, §I above.

The Plaintiff has also plead that she saw the 'all natural' claim on the Margarita label, and this Court can easily infer same where the Plaintiff alleged in her Complaint that:

a. [ ] The term "All-natural" appears boldly and more than once on each bottle of Skinnygirl Margarita; *See* ¶13 of Complaint;

b. [ ] By purchasing Skinnygirl Margaritas from the famed natural foods chef and labeling and marketing the brand as all natural and containing no preservatives, Plaintiff and consumers alike were led uniformly to believe that the already widely-known health conscious Skinnygirl herself had created a brand that was all natural itself. *See* ¶16 of Complaint;

c. [ ] Plaintiff did not receive the product that was advertised, and would not have purchased it had the truth been known. *See* ¶22 of Complaint;

d. **Plaintiff and the Class reasonably relied upon** Defendants' representations and/or omissions as being "all natural", containing "no preservatives" and being the "margarita you can trust." *See* ¶44 of Complaint (emphasis added).

*See also* ¶21 of Complaint. It is clear from the Complaint, and/or can easily be inferred therein, that the Margarita label was prominent, bold and repeated the terms "all natural" more than once, and that the Plaintiff thus saw the Margarita label; that the label led her to believe the product was 'all natural'; that the Plaintiff relied upon that representation when purchasing the product; and that the Plaintiff did not receive the product she had bargained for.

Caselaw also supports Plaintiff's contention that she has adequately plead proximate cause as an element of her ICFA claim. In *Connick*, the Illinois Supreme Court upheld an ICFA claim brought on behalf of consumers who purchased a vehicle that posed undisclosed safety risks. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482 (Ill. 1996). The

plaintiffs plead that their purchase occurred after the defendant's fraudulent statements, and based thereon, the *Connick* court held that "[p]laintiffs have alleged proximate cause, as required. They allege that their purchases occurred after the allegedly fraudulent statements, and the complaint contains no facts showing an intervening cause that would break the chain of proximate causation." *Id.* at 504. Furthermore, the *Connick* court held that when evaluating a ICFA claim at the motion to dismiss stage, "the required allegation of proximate cause is minimal since that determination is best left to the trier of fact." *Connick*, 174 Ill.2d at 504, citing *Petrauskas v. Wexenthaller Realty Management, Inc.,* 186 Ill.App.3d 820, 832, 134 Ill.Dec. 556, 542 N.E.2d 902 (1989). The same sequence of events and facts are plead in the case at bar, and consistent with *Connick*, this Court should deny SGC's motion to dismiss Plaintiff's ICFA claim.

### III. PLAINTIFF ADEQUATELY PLEADS HER BREACH OF EXPRESS AND IMPLIED WARRANTY CLAIMS (COUNTS II & III)

SGC attacks Plaintiff's claims for breach of express warranty (Count II) and breach of implied warranty (Count III) on a number of fronts. First, SGC argues that it had no notice of the fact it breached its own warranty, i.e., that the product it labeled and promoted as 'all natural' contained carcinogenic substances. Second, SGC argues that Plaintiff failed to adequately plead certain other elements of her warranty claims. These arguments fail because in a claim for breach of warranty, there are instances where a buyer can fulfill the direct notice requirement without giving direct notice to the seller. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 494, 675 N.E.2d 584, 590 (1990). This is one such instance.

#### A. Notice Is Not Required

SGC would have this Court believe that Defendant had no notice of actions that SGC itself purposefully and deliberately undertook, and that lack of such notice is fatal to Plaintiff's warranty claims. Plaintiff need not provide SGC with prior notice of the ingredients in its

Margarita, or of SGC's intentional concealment of same, as SGC already had actual notice because, after all, it was the Defendants who purposefully omitted and concealed these material facts from Plaintiff and all other consumers.

Even if this Court should find that Plaintiff need provide notice of the breach pursuant to 810 ILCS 5/2-607(3)(a), Plaintiff falls within an exception to the 2-607 notice requirement. An exception to the notice requirement exists where "the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 494 (1990). Where the defendant has actual notice of the defect in its product, notice is likewise unnecessary. *Maldonado v. Creative Woodworking Concepts. Inc.*, 230 Ill.Dec. 743, 748 (1998). SGC had actual knowledge of its failure to adequately disclose the contents of the Margarita purchased by Plaintiff in this lawsuit, because it knowingly and purposely concealed these facts from all consumers where the omission and concealment was deliberate[2].

SGC's claim that it had no notice of their breach should be given short shrift by this Court. Plaintiff's claims arise from the fact that SGC's Margarita contains carcinogenic synthetic substances despite SGC billing it as 'all natural' and containing 100% Blue Agave clear tequila. To buy into SGC's claim that it had no notice that its product was not all-natural and did not contain 100% Blue Agave clear tequila requires this Court to believe that SGC had no notice of the ingredients in its own product and thus had its proverbial head in the sand when concocting the beverage. If that were true, then the Defendant had no basis for making the 'all

---

[2] Further, SGC was apprised that its Margarita was not "all natural" on September 2, 2011 (in advance of Plaintiff filing this lawsuit) by Whole Foods Store, which publicly announced its removal of the Margarita from its stores due to the fact it contained "toxic" ingredients, namely sodium benzoate. See *Whole Foods Removes Betheny Frankel's Product From Shelves Over "Toxic" Ingredient, Report Says*, New York Post, September 2, 2011 (http://www.foxnews.com/entertainment/2011/09/02/whole-foods-removes-bethenny-frankels-product-from-shelves-over-toxic/)

natural' claim to begin with. However, given that the "all natural" and "100% Blue Agave clear tequila" label appeared prominently and repeatedly on the bottle (¶13 of the Complaint), that the 'all natural' quality of the beverage was the premise for charging consumers a premium price well in excess of other margarita drinks (¶21 of the Complaint), and that the Defendants have conceded the product is not 'all natural' and did not contain 100% Blue Agave clear tequila (¶¶15, 18 of the Complaint) yet have continued to promote it as such (¶15 of the Complaint), it can be inferred that the Defendant had notice of these facts and thus the breach. And under such circumstances, where the Defendant clearly had notice of the breach and/or non-conformity of its product, the Plaintiff falls within the exception to the 810 ILCS 5/2-607 notice requirement. Plaintiff's Complaint alleges that Defendants had actual knowledge of the breach of their "all natural" and "100% Blue Agave clear tequila" Margarita products manufactured by Defendants and purchased by Plaintiff in this lawsuit. ¶¶8-10, 13-20, 41, 43, 45 and 56 (all of which are incorporated by reference into Plaintiff's warranty claims (Counts II and III)). In fact, Plaintiff alleges that the breach was purposeful and deliberate. *Id.*

Although SGC relies upon *Connick* to support its argument that Plaintiff was required to, and failed to, provide notice of the breach to Defendants, their attempt to portray *Connick* and the instant case as similar misses the mark – and that is why this case demands a different result. In *Connick* the plaintiff did not allege that the defendant had actual knowledge of the alleged breach of the particular products purchased by the plaintiff. For that reason, the court in *Connick* held that plaintiff's allegation of actual notice was insufficient. *Connick* is easily distinguished from this case. In this case, Plaintiff *has* alleged that Defendant had actual knowledge of the breaches alleged, i.e., the unnatural contents of the 'all natural' Margarita and its use of less than 100% Blue Agave clear tequila, as purchased by Plaintiff. *See* ¶¶8-10, 13-20, 41, 43, 45 and 56.

The fact that the Plaintiff in this case has plead notice is relevant to this Court's analysis on the pending motion to dismiss, and is why the plaintiff in *Connick* did not fall within the exception of 2-607, whereas the Plaintiff here does.  Further, whether sufficient notice has been provided is generally a question of fact to be determined based upon the particular circumstances of each case, and not as a matter of law. *Maldonado,* 230 Ill.Dec. at 748 (Ill. 1998) citing *Berry v. G.D. Searle & Co.*, 56 Ill.2d 548, 556 (Ill., 1974), *Malawy v. Richards Manufacturing Co.,* 103 Ill.Dec. 355, (1986); and *Wagmeister v. A.H. Robbins, Co.,* 21 Ill.Dec. 729, 731 (1978).

Based upon these facts and the pleadings, Plaintiff satisfies the 'notice' requirement to sustain his claims for breach of warranty.

**B.   The Plaintiff Has Plead All Other Elements Of Her Warranty Claims**

SGC argues that Plaintiff has failed to plead that (1) a warranty existed; (2) that breach of that warranty was the proximate cause of her damages; or (3) that SGC had notice of the intended use of its product.  Further, SGC argues that (4) Plaintiff fails to establish privity of contract.  The Plaintiff has adequately pled these remaining elements of her claims for breach of warranty as well.

Plaintiff has alleged the existence of a warranty throughout her Complaint.  Plaintiff pleads time and time again that SGC warranted and represented that its product contained 'all natural' ingredients and '100% Blue Agave' tequila. *See* ¶¶8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 40, 44, 45, and 48.  In ¶¶49 and 54 of Plaintiff's Complaint, as part of her Count II for Breach of Express Warranty and Count III for Breach of Implied Warranty, respectively, Plaintiff pleads the terms of the express and implied warranty: "that the Skinnygirl Margaritas are 'all natural' and contain 'no preservatives'".  Given these clearly pled allegations, the idea that Plaintiff has not pled the existence of a warranty and its terms is misplaced.

10

Plaintiff also pleads that SGC breached its warranty to provide a Skinnygirl Margarita that was "all natural" and contained "no preservatives" where she pleads:

> "Defendants [including SGC] have committed a breach of express warranty pursuant to 810 ILCS 5/2-313 because Defendants' Skinnygirl Margaritas are not "all natural" and contain preservatives, i.e., sodium benzoate." *See* ¶50 of Count II of Plaintiff's Complaint.
>
> **and**
>
> "Defendants' Skinnygirl Margaritas are not "all natural" and contain preservatives, i.e., sodium benzoate and Defendants' misrepresentations and/or omissions as alleged herein formed the basis of the bargain between the parties." *See* ¶56 of Count III of Plaintiff's Complaint.

Plaintiff further pleads that this very breach was the proximate cause of her sustaining damages, i.e., "[a]s a proximate result of Defendants' breach of [implied/express] warranty, Plaintiff and the class have and will suffer damages including, but not limited to the purchase price of the Skinnygirl Margaritas." *See* ¶¶51 and 58 of Plaintiff's Complaint.  Based thereon, Plaintiff clearly pleads that SGC breached its warranty as alleged in both Counts II and III, and that said breach was the proximate cause of her damages. SGC's arguments to the contrary are disingenuous.

SGC's claim that it had no notice as to the intended purpose of its Skinnygirl Margarita should be disregarded as well.  The product is a beverage intended for one purpose and one purpose only: human consumption.  Plaintiff has plead (and SGC's Motion conveniently ignores)

that SGC sold Skinnygirl Margaritas with the implied warranty that "they are fit for ordinary use and/or a particular purpose, [as] an 'all natural' product containing 'no preservative' **for human consumption**." *See* ¶55 of Count III of Plaintiff's Complaint (emphasis added).   This satisfies the 'intended purpose' pleading requirement.

Finally, privity exists between the parties.  SGC argues that privity is lacking but, not surprisingly, provides no support for this proposition that is belied by the allegations in the Complaint.  The Complaint clearly alleges that Defendants, including SGC, have received funds from the Plaintiff and Class that they otherwise would not have received but for their deceptive conduct. Complaint at ¶¶18, 22.  Moreover, the Complaint alleges that it was the Defendants', including SGC's, deceptive labeling, marketing and advertising campaign that successfully caused Plaintiff to purchase the Skinnygirl Margarita product. Complaint at ¶15. As detailed above, at this stage of the action the Court is *required* to accept these allegations as true. Indeed, discovery will demonstrate that SGC received a portion of *each* purchase made by *each* consumer that purchased the product that all Defendants chose to falsely promote as, among other things, "all natural."

### IV. PLAINTIFF PLEADS A VIABLE CLAIM FOR PROMISSORY ESTOPPEL

To establish a claim for promissory estoppel, the plaintiff must prove that (1) defendant made an unambiguous promise to the plaintiff; (2) plaintiff relied upon such promise; (3) plaintiff's reliance was expected and foreseeable; and (4) plaintiff relief upon the promise to her detriment. *Newton Tractor Sales, Inc., v. Kubota Tractor Corporation*, 329 Ill.Dec. 322 (Ill. 2009); see also *Restatement (Second) of Contracts, §90(1).*   SGC attacks Plaintiff's Complaint by arguing that the Plaintiff has failed to allege elements 1, 2 and 4, i.e., that the Defendant made an unambiguous promise, that Plaintiff relied on said promise, and that such reliance caused the Plaintiff to be damaged.  As argued below, the Plaintiff has pleaded these elements.

12

In order to allege an unambiguous promise for the purposes of a promissory estoppel claim, an express promise is not required. *First Nat'l Bank v. Sylvester*, 196 Ill. App. 3d 902, 554 N.E.2d 1063, 1070, 144 Ill. Dec. 24 (Ill. App. Ct.), appeal denied, 133 Ill. 2d 555, 561 N.E.2d 690, 149 Ill. Dec. 320 (Ill. 1990). A promise may be inferred from conduct and words. *Id.* The Plaintiff has established throughout her Complaint that SGC promised Plaintiff and consumers, by its labeling and marketing, that its product was 'all natural' and contained '100% Blue Agave tequila". *See* ¶¶8,10,17,18,19,20,44, 52 and 61 of the Complaint. As in *Sylvester*, SGC's statements constitute an 'unambiguous promise', as it promises the consumer that which it plainly implies: that she is purchasing a drink made of all natural ingredients and containing 100% Blue Agave tequila. Further, as argued in §I above, the Plaintiff has adequately alleged reliance, i.e., that she purchased the SkinnyGirl Margarita *because* of its purported 'all natural' and '100% Blue Agave tequila' qualities. Finally, also as argued herein above, as a result of the Plaintiff's reliance upon SGC's statements and her purchase that was induced by same, Plaintiff suffered damages including but not limited to the purchase price of said drink. Plaintiff reincorporates those arguments from above here for purposes of defending her promissory estoppel claim.

## V. <u>PLAINTIFF STATES A CLAIM FOR BREACH OF CONTRACT</u>

To state a claim for breach of contract against SGC, Plaintiff need only allege (1) the existence of a valid contract; (2) that the Plaintiff substantially performed her obligations under the contract; (3) that SGC breached the contract; and (4) that Plaintiff suffered damages as a result of SGC's breach. *Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.,* 218 F. Supp. 2d 974, 976 (N.D. Ill. 2002). SGC argues that Plaintiff's claim for breach of contract should be dismissed because she fails to allege the existence of a valid contract, fails to identify how SGC

13

breached its contract, and failed to give pre-suit notice of the breach. These arguments are without merit.

The Plaintiff alleges the existence of a valid and enforceable contract where she alleges:

> "Plaintiff and putative class members **contracted with** Defendants [including SGC] for 'Skinnygirl Margaritas' which were **offered** by the Defendants as being 'all natural' and containing 'no preservatives'. Said offer was **accepted** by the Plaintiff and the Class who **paid for** Skinnygirl Margaritas when, in fact, they were not "all natural" and contained preservatives, i.e., sodium benzoate." *See* ¶63 of Complaint (emphasis added).

A valid contract is found where Plaintiff has alleged offer, acceptance and consideration. *Meyers v. Woods*, 374 Ill.App.3d 440, 450 (3d Dist. 2007). As evidenced by ¶63 of Plaintiff's Complaint, restated above, Plaintiff has pled offer, acceptance and consideration. This more than satisfies the notice pleading requirements of this Court and Fed. R. Civ. P. 8.

The Plaintiff adequately alleges facts in support of her contention that SGC breached its contract where she alleges:

> "In **breach** of Defendants' [including SGC] agreement with the Plaintiff and the Class, Defendants [including SGC] charged a premium for its Skinnygirl Margaritas which **were not 'all natural' and contained preservatives**, i.e., sodium benzoate, **contrary to their offer and contract**." *See* ¶64 of Complaint (emphasis added).

14

To allege a breach, Plaintiff need only allege that the defendant failed to fulfill its obligations under the contract. *Meyers*, 374 Ill.App.3d at 450. Plaintiff pleads that SGC failed to provide an "all natural" beverage to her in ¶64 of her Complaint (restated above) in support her claim that SGC breached its contract. In doing so, Plaintiff has adequately pled a breach.

SGC's contention that Plaintiff needed to provide it with pre-suit notice is a red herring. SGC cites to *Anthony v. Country Life Mfg., LLC,* No. 02 C 1601, 2002 WL 31269621, at *3-4 (N.D. Ill. Oct. 9, 2002), and *Connick*, 675 N.E.2d at 591, for the proposition that a plaintiff must provide pre-suit notice of a breach in advance of filing a claim for breach of contract. Those cases are inapposite to the case at bar. In each of those cases, the claims that the court determined required notice pursuant to 810 ILCS §§5/2-607(a)(3) were claims for breach of warranty, not contract. Indeed, neither of the cases relied upon by SGC concerned a breach of contract claim, and neither this Court in *Anthony,* nor the Illinois Supreme Court in *Connick,* addressed any claims sounding in breach of contract. Thus, SGC cites no relevant authority – statutory or case law – to support its contention that Plaintiff needed to provide pre-suit notice[3].

## VI. PLAINTIFF STATES A CLAIM FOR UNJUST ENRICHMENT

SGC argues that Plaintiff's claim should be dismissed because Plaintiff cannot maintain a claim for unjust enrichment while at the same asserting a claim sounding in contract. That is untrue, and dismissal would be premature because Illinois law permits unjust enrichment to be pled along with breach of contract as an alternative and inconsistent theory of recovery. *See Horwitz v. Sonnenschein Nath & Rosenthal LLP*, 926 N.E.2d 934, 946 (Ill.App.Ct. 2010)("[W]here a party pleads breach of contract, he also can plead unjust enrichment in the alternative."). Unjust enrichment exists when a defendant receives a benefit that is to the

---

[3] If this Court should determine that pre-suit notice is necessary, Plaintiff relies upon those arguments addressed at length above in response to SGC's similar argument concerning her breach of warranty claims.

plaintiff's detriment and the defendant's retention of that benefit would be unjust. *Martis v. Pekin Mem'l Hosp., Inc.*, 917 N.E.2d 598, 606 (Ill.App.Ct. 2009), *appeal denied*, 924 N.E.2d 456 (Ill. 2010). In general, unjust enrichment is unavailable under Illinois law when a specific contract governs the parties' relationship. *Prignano v. Prignano*, No. 02-09-0439, 2010 WL 3180093, at *13 (Ill.App.Ct. 2010). A plaintiff, however, may plead both theories if unjust enrichment is based on a tort theory, *Peddinghaus v. Peddinghaus,* 692 N.E.2d 1221, 1225 (Ill.App.Ct. 1998), or when plead in the alternative. *See* Fed. R. Civ. P. 8(d) (allowing alternative and inconsistent claims); *Assad v. Hartford Life Ins. Co.*, 116 F.Supp. 2d 960, 964 (N.D.Ill. 2000)(Bucklo, Mag. J.). Plaintiff can plead alternative and inconsistent theories of recovery, and therefore her claim for unjust enrichment should not be dismissed.

        SGC also argues that Plaintiff's claim for unjust enrichment should be dismissed because "each of Plaintiff's other counts fail" and thus "the claim is not supported by an underlying cause of action". *See* Motion to Dismiss at p.9. For the reasons stated above, Plaintiff's other claims should be sustained and thus SGC's argument on this basis is moot.

## VII.    <u>PLAINTIFF STATES A CLAIM FOR AN INJUNCTION</u>

        The Complaint properly seeks an injunction to prevent the Defendants from continuing to manufacture, distribute and sell "Skinny girl" Margaritas as being "all natural" and containing "no preservatives".

        Injunctive relief is a means to bar a party from continuing in their wrongful actions. "The purpose of an injunction is to prevent further violations (citations omitted) and, of course, it can be utilized even without a showing of past wrongs." *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 73 S.Ct. 894 (1953). *See also*, *U.s. v. DiMucci*, 1987 WL 18372 (N.D. IL 1987) The three factors considered when a party challenges a count for injunction are 1) the reasonable likelihood of

success on the merits, 2) whether plaintiff has an adequate remedy at law or will be irreparably harmed if the injunction doesn't issue, and 3) whether granting an injunction will harm public interest. *Robert Half Intern, Inc. V. Thompson*, 1999 WL 138849 *4 (N.D. IL 1999). If the defendant acts willfully, then the court need not conduct a balancing test as required in the third factor. *U.S. v. Bethlehem Steel Corp.*, 38 F.3d 862, 868 (7th Cir. 1995)(where court upheld plaintiff's complaint seeking monetary and injunctive relief for breach of contract, intentional interference of economic advantage and misappropriation of trade secrets). Moreover, injunctive relief is appropriate when it will benefit those other than the plaintiff. *Tinetti v. Wittke*, 479 F.Supp. 486, 491 (D.C. Wisc. 1979)(where court issued a permanent injunction to prevent defendants from maintaining and/or adopting policies to strip search traffic violators incarcerated only because they could not post bond.)

In the instant case, Plaintiff properly alleges a cause of action for an injunction. The allegations within the Complaint show there is a reasonable likelihood of a success on the merits. That is, the Amended Complaint alleges that the Defendants manufactured, marketed and sold "Skinnygirl" Margaritas as being natural and containing preservatives when such representations were knowingly false, and that Plaintiff does not have an adequate remedy at law and will be irreparably harmed if the injunction is not issued. Finally, the Complaint properly alleges facts that show the public will clearly benefit, as opposed to being harmed, if this Court were to grant an injunction. The Defendant has willfully and knowingly made misrepresentations as to the ingredients of "Skinny Girl" Margaritas in order to differentiate itself from other Margarita brands and thus promote sales. Based thereon, Plaintiff's Injunction Count is supported by factual allegations that defeat the Defendant's motion to dismiss.

Each argument put forth by the Defendant to challenge the Injunction count fails. In its motion to Dismiss the Defendants contend, "[h]ere, the conduct Plaintiff complains of occurred in the past and, as such, Plaintiff is in no such immediate danger." (Memorandum, p. 12). If the Defendant is admitting that these misrepresentations occurred, it has failed to state when it decided to stop making the false claims. On the other hand, if the Defendant is arguing that the Complaint claims only past misrepresentations, then the Defendants are once again misrepresenting or misunderstanding Plaintiff's claims. The Complaint alleges that the Defendants *have made* and *continue to make* false claims as to the contents of "Skinny Girl" Margaritas. *See* ¶8,9,13 of Complaint.

Similarly, the Defendant's reliance upon *Glazewski v. Coronet Ins.*, 483 N.C.2d 1263, 1267 (Ill. 1985) for the proposition that injunctive relief is inappropriate because plaintiffs know of the problems and can avoid them, is without merit. In this case, the Defendants made false representations as to the contents of "Skinny Girl" Margaritas. They have yet to make a public announcement or recall the product due to their misrepresentations. Until the Defendants make the public aware of their past and present misrepresentations, an injunction is the only way to protect the public from being deceived as to the product they are buying and consuming.

The Defendants' reliance upon the opinion in *Noah v. Enesco Corp.*, for the proposition that injunctive relief is not a standalone cause of action, misconstrues the district court's opinion. In *Noah,* the district court dismissed the unjust enrichment count, while upholding the breach of contract count. 911 F.Supp. 305 (N.D.Ill. 1995). The district court then properly found that plaintiff had a remedy at law. *Id.* However, it is important to note that a count seeking a remedy at law does not preclude an injunction if there are counts seeking equitable relief. In *Bethlehem Steel Corp*. the district court denied the defendants' challenge to injunctive relief when the

18

complaint included counts for actions in law and equity. 38 F.3d 862, 868 (7th Cir. 1995). This Complaint properly alleges an injunction cause of action, and the Defendant's motion to dismiss this claim should be denied.

## VIII. PLAINTIFF STATES A CLAIM FOR DECLARATORY JUDGMENT

The Complaint states a viable Declaratory Judgment Action. The Declaratory Judgment Act, 28 U.S.C. sec. 2201 *et seq*., states in part:

> (a) In a case of actual controversy within its jurisdiction, any court of the U.S., upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought.

Illinois district courts have found that requests for declaratory judgment are independent claims, not simply a form of relief.(*See, Optimum Nutrition, Inc. V. Upper 49th Imports, Inc.*, 2011 WL 5981784)(where district court upheld plaintiff's separate claims for recovery of monies past due and for declaratory judgment as to whether plaintiff properly terminated the sales agreement.) Here, the Plaintiff properly alleges a cause of action under the Declaratory Judgment Act. The Complaint states an actual controversy in which this Court has subject matter jurisdiction, and the Plaintiff properly invokes this Court's authority to enter a declaratory judgment as to the rights of the parties in this action.

The Defendant's challenges to Plaintiff's declaratory judgment count also must fail because they are based upon nothing more than conclusory statements. For example, the Defendant argues, without any supporting basis, that declaratory relief is improper because it does not dispose of the entire controversy. (Memorandum, p. 13) Generalizations such as these are the sole basis for the Defendant's challenge to the declaratory claim. Conclusory arguments within a motion to dismiss are insufficient to overcome the federal notice pleading. (See,

*Blaylock v. Friels*, 2008 WL 2566955 CD IL 2008)(where district court denied defendant's motion to dismiss which contained only conclusory statements.)  Therefore, the Defendant's challenge to the Declaratory Judgment claim fails and its motion should be denied.

WHEREFORE, Plaintiff prays that this Court deny the Defendant's Motion to Dismiss, and grant such further relief as this Court deems just.

Amy Langendorf, on behalf of herself
and all others similarly situated,


By:     s/ Larry D. Drury
Attorney for the Plaintiff

Larry D. Drury
Larry D. Drury, Ltd.
100 North LaSalle St., Suite 1010
Chicago, Illinois 60602
(312) 346-7950