IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY LANGENDORF, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) SKINNYGIRL COCKTAILS, LLC, BETHANY ) FRANKEL, SGC GLOBAL, LLC and BEAM ) GLOBAL SPIRITS & WINE, INC., ) ) Defendants. ) | Case No. 1:11-cv-07060 Judge Charles R. Norgle, Jr. |

**DEFENDANT SGC GLOBAL, LLC'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendant SGC Global, LLC f/k/a Skinnygirl Cocktails, LLC ("SGC Global") submits this Reply Memorandum in support of its Motion to Dismiss the Amended Class Action Complaint (the "Amended Complaint"). For the reasons stated below, Plaintiffs' Response to SGC's Motion effectively highlights the factual and legal deficiencies in Plaintiff's Amended Complaint.

## I.   COUNT I FAILS TO STATE A CLAIM FOR CONSUMER FRAUD

SGC Global moved to dismiss Plaintiff's Consumer Fraud claim because it does not plead proximate cause with the requisite particularity. Plaintiff's defense to SGC Global's Rule 9(b) attack on Count I is to ignore it. Nowhere does Plaintiff even mention Rule 9(b), much less argue that Count I satisfies Rule 9(b)'s requirement that the information Plaintiff actually saw and which actually caused her to purchase "Skinnygirl Margarita" be alleged with specificity and

particularity. (Resp. at 5-7.)[1] Plaintiff accuses SGC Global of "mischaracterizing" her Amended Complaint, but then devotes her entire discussion of Count I to arguing that the Court should "infer" proximate cause from a series of conclusory and/or generalized allegations. (*Id.*) Plaintiff's desperate plea for this Court to "infer" proximate cause is itself an admission of her failure to plead proximate cause as required under Rule 9(b).[2]

In order to withstand a motion to dismiss, Plaintiff must first **allege** proximate cause with Rule 9(b) particularity. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (*quoting Elson v. State Farm Fire & Cas. Co.*, 691 N.E.2d 807, 816 (Ill. App. Ct. 1998) (a claim under the Consumer Fraud Act "'must be pled with the same specificity as that required under common law fraud'")); *Nieto v. Perdue Farms, Inc.*, No. 08-07399, 2010 WL 1031691, at *3 (N.D. Ill. Mar. 17, 2010) ( "A complaint alleging a violation of the ICFA must be pleaded with the same particularity as common law fraud and must meet the heightened pleading standard of Rule 9(b)."); *Melecio v. Kia Motors Corp.*, No. 05 C 3599, 2005 WL 3005609, at *2 (N.D. Ill. Nov. 9, 2005) ("[P]laintiffs claiming ICFA violations are required to satisfy the Rule 9(b) pleading standards."). This means that Plaintiff must specify the content she saw, heard, or read prior to her purported purchases and that the content of what saw, heard, or read caused her to make those purchases. *Shannon v. Boise Cascade Corp.*, 805 N.E.2d 213, 217 (Ill. 2004); *Zekman v.*

---

[1] Plaintiff's reliance upon *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the other cases cited in her "Standard of Review" section, are therefore, inapposite because none of them involves the heightened pleading standard required under Rule 9(b). (Resp. at 2-3.)

[2] Of course, there would be no need for Plaintiff to ask this Court to "infer" proximate cause if she had, in fact, alleged with the required specificity that she saw particular language on the "Skinnygirl Margarita" bottle prior to purchasing it, that the language she saw caused her to purchase the product at that time, and that she suffered damages as a result. Plaintiff mentions the fact that SGC Global answered the First Amended Complaint in a related New York lawsuit. (Resp. at 2 n.1. (citing Ans. First Am. Compl., *Rapcinsky v. Skinnygirl Cocktails, LLC*, No. 11-CV-6546 (S.D.N.Y.) (ECF No. 19)). But the fact that SGC Global answered and denied the material allegations in that different amended complaint is irrelevant here. Moreover, the First Amended Complaint in that case specifically states, among other things, that the plaintiffs saw "Skinnygirl Margarita" promotional materials and read the "Skinnygirl Margarita" label prior to their purchases. These and other allegations are noticeably absent from this Plaintiff's Amended Complaint.

*Direct Am. Marketers, Inc.*, 695 N.E.2d 853, 861-62 (Ill. 1998); *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 594 (Ill. 1996). Vaguely attributing allegations to "defendants" -- and not a single defendant -- and failing to specify what she saw or the timing of the alleged transactions at issue requires dismissal under Rule 9(b). *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'").

Here, as Plaintiff concedes in her Response, Count I alleges only that:

1. "Plaintiff did not receive the product that was advertised, and would not have purchased it had the truth been known";

2. "[Unidentified] Defendants claim in their [unspecified] advertising and labeling that 'Skinnygirl margarita' spirits are all natural, use all natural ingredients, and contain no preservatives, and thereby specifically aim their product at a growing and affluent segment of society seeking organic or all natural products";

3. "[Unidentified] Defendants' [unspecified] advertising and marketing campaign is designed to cause consumers to buy SKINNYGIRL Margaritas as a result of this deceptive message, and Defendants have succeeded"; and

4. "Plaintiff purchased SKINNYGIRL brand spirits [at some unspecified time before August 1, 2011] as advertised, paid a premium to other comparable products on the market (i.e., Jimmy Buffet's Margaritavilla Skinny Margarita costs $11.99 - for a bottle twice as the size of Skinnygirl's 750 ml. bottle) on the purported 'All-Natural' quality of the SKINNYGIRL product and suffered injury and lost money as a result of the false advertising and unfair business practices described herein."

(Resp. at 3-4 (quoting Am. Compl. ¶¶ 22, 13, 15, and 21).) Plaintiff then alleges -- and only in a conclusory, single sentence not found in her "Factual Allegations" – that "Plaintiff and the Class reasonably relied upon [unidentified] Defendants' [unspecified] representations and/or omissions [at unspecified points in time] as being "all natural", containing 'no preservatives' and being the 'margarita you can trust.'" (Resp. at 4 (quoting Am. Compl. ¶ 44).) These generic and conclusory statements are not adequate to connect the alleged behavior to SGC Global. Indeed,

3

Illinois law flatly rejects Plaintiff's apparent contention that she can state a Consumer Fraud claim by alleging advertisements or testimonials that Plaintiff never read or saw. *Shannon*, 805 N.E.2d at 217; *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 163-164 (Ill. 2002); *Zekman*, 695 N.E.2d at 861-62.

None of these allegations, considered separately or together, add up to the specific and particularized allegations required under Rule 9(b). None of these allegations is specifically directed to SGG Global or contain statements made by SGC Global.[3] If anything, Plaintiff's arguments underscore Count I's failure to allege the requisite nexus (temporal or otherwise) with Rule 9(b) particularity. *Talbert v. Home Sav. Bank*, 638 N.E.2d 354, 359 (Ill. App. Ct. 1994) (courts will not "make the untenable leap of inferring that a nexus exists" between an alleged advertisement and a plaintiff's transactions). Each of Plaintiff's allegations indicates only that she purchased "Skinnygirl Margarita," that "Skinnygirl Margarita" was advertised in different ways, that Plaintiff claims that she paid more for "Skinnygirl Margarita" than she should have, and that Plaintiff would not have purchased "Skinnygirl Margarita" based on what she knows now. This is insufficient under Rule 9(b).[4]

Plaintiff's contention that the case law supports her claim that she has specifically plead proximate cause based upon "a sequence of events" is equally baseless. (Resp. at 6-7.) The

---

[3] Plaintiff alleges in her Amended Complaint that "Skinnygirl Margarita" was sold by SGC Global in March 2011 and that she purchased "Skinnygirl Margarita" sometime before August 1, 2011. (Am. Compl. ¶¶ 5, 21.) Statements after March 2011 would not be made by SGC Global.

[4] Plaintiff attacks SGC Global's argument that the allegations in the Amended Complaint regarding the advertising of "Skinnygirl Margarita" as containing "100% Blue Agave clear tequila" are irrelevant because Plaintiff fails to allege that she saw or read such a statement or that the statement "100% Blue Agave clear tequila" caused her to purchase "Skinnygirl Margarita," but she offers no meaningful defense to the Amended Complaint's pleading deficiencies. (Resp. at 4-5.) Plaintiff does not even allege that the bottle of "Skinnygirl Margarita" she allegedly purchased stated that it contained "100% Blue Agave clear tequila" or that this even mattered to her. (*See* Am. Compl. ¶ 18 (alleging that at one point in time bottles stated that "Skinnygirl Margarita" contained "100% Blue Agave clear tequila" but that this label changed).) Inasmuch as Plaintiff fails to include any reference to this alleged misstatement in Count I or in connection with her alleged purchases, Count I fails.

mere fact that Plaintiff alleges that certain unspecified advertisements or labels existed prior to her alleged purchases of "Skinnygirl Margarita" does nothing to fix the pleading deficiencies of her Amended Complaint. The Illinois Supreme Court rejected this same argument in *Oliveira*, 776 N.E.2d at 163-64. There, like here, plaintiff alleged that he purchased Amoco gasoline, that television, radio, and print advertising falsely claimed that the gasoline had environmental and other benefits, that consumers relied upon those advertisements, that plaintiff paid more for his gasoline than he should have based upon this alleged false advertising, and that this alleged false advertising "proximately caused him actual damage." *Id.* at 154-55. The plaintiff, however, failed to specifically allege that he actually "saw, heard, or read" any of the alleged deceptive advertisements prior to purchasing Amoco gasoline or that one of the complained of advertisements actually induced him to purchase Amoco gasoline; this was fatal to his claim. *Id.* at 155-56. For the same reasons, it is equally fatal here. The requisite causal nexus is missing.[5]

## II. COUNT II FAILS TO STATE A CLAIM FOR BREACH OF EXPRESS WARRANTY

Count II fails to state a claim for breach of express warranty because Plaintiff readily admits that she failed to provide SGC Global with pre-suit notice as required under 810 ILCS 5/2-607(3)(a). Recognizing this fatal flaw, Plaintiff argues that an exception to the mandatory pre-suit notice rule applies because SGC Global had "actual knowledge" of the problems she raises. (Resp. at 7-10.) But this argument is groundless. As the authorities cited in Plaintiff's

---

[5] Plaintiff's reliance on *Connick*, 675 N.E.2d at 595, and *Petrauskas v. Wexenthaller Realty Mgmt.*, 542 N.E. 2d 902, 910 (Ill. App. Ct. 1989), for the proposition that Count I satisfies a "minimal" causation requirement is misguided. (Resp. at 7.) In these cases, unlike here, plaintiffs alleged facts connecting their purchase to the defendants' alleged conduct. To the extent Plaintiff is arguing that these cases support allowing a plaintiff to plead causation for a Consumer Fraud claim merely by alleging that his or her purchase "occurred after the allegedly fraudulent statements," that position must be rejected because it is contrary to controlling law and more recent Illinois Supreme Court case law. *Shannon*, 805 N.E.2d at 217; *Oliveira*, 776 N.E.2d at 163-64; *Zekman*, 695 N.E.2d at 861-62.

5

Response confirm, there is no exception to 810 ILCS 5/2-607(3)(a)'s mandatory pre-suit notice requirement that applies here.

Plaintiff's attempt to overcome her failure to provide pre-suit notice by relying upon *Connick* and the "actual knowledge" exception to Section 2-607(3)(a) is puzzling. In *Connick*, plaintiffs filed a lawsuit against Suzuki Motor Company ("Suzuki") for breach of warranty based upon their contention that the Suzuki Samurai was unsafe and had an excessive risk of rolling over. 675 N.E.2d at 588-89. There, like here, plaintiffs failed to provide pre-suit notice of their breach of warranty claims. Plaintiffs argued that they were excused from giving notice because Suzuki had actual knowledge of the problems with the entire Samurai line based upon a consumer watchdog group's giving the Samurai an "unacceptable" safety rating, an investigation by seven states' attorneys general resulting in an agreement with Suzuki, the commencement of litigation in another state, and the commencement of the pending action. *Id.* at 589. In rejecting their arguments, the *Connick* court held that "Suzuki's generalized knowledge about the safety concerns of third parties is insufficient to fulfill plaintiff's UCC notice requirement." *Id.* As the *Connick* court explained:

> The notice 'of the breach' required is not of the facts, which the seller presumably knows quite as well as, if not, better than, the buyer, but of *buyer's claim* that they constitute a breach. Thus, even if a manufacturer is aware of problems with a particular product line, the notice requirement of section 2-607 is satisfied only where the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer.

*Id.* at 589 (citation omitted). The *Connick* court also rejected plaintiffs' argument that notice was given based upon the filing of their complaint. "Only a consumer plaintiff who suffers a personal injury may satisfy the section 2-607 notice requirement by filing a complaint." *Id.* at 590-91.

6

Here, Plaintiffs' arguments must be rejected for the same reasons they were in *Connick*. Plaintiff's allegations that SGC Global had notice of the ingredients in "Skinnygirl Margarita," knew of purported problems with the product generally or the disclosures made, or that Whole Foods removed "Skinnygirl Margarita" from store shelves in September 2011 before Plaintiff filed her lawsuit (Resp. at 9-10) are all legally irrelevant to establishing "actual knowledge" under Section 2-607(3)(a). Because Plaintiff has not and cannot allege that SGC Global had "actual knowledge" of *her* claim that SGC Global breached warranties with respect to *her* particular purchases of "Skinnygirl Margarita," Count II should be dismissed.[6]

### III. COUNT III FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY

Inasmuch as Plaintiff concedes that 810 ILCS 5/2-607(3)(a)'s mandatory pre-suit notice requirement applies equally to claims for breach of express and implied warranties, Count III must be dismissed for the same reasons set forth in Section II above. *Schrieb v. Walt Disney Co.*, No. 1-05-0094, 2006 WL 573008, at *5 (Ill. App. Ct. Feb. 1, 2006) (affirming dismissal of express and implied warranty claims based upon the failure to give pre-suit notice under Section 2-607).

Count III fails for the additional reason that Plaintiff has not and cannot allege vertical privity of contract with SGC Global. Vertical privity limits a buyer to asserting a claim for breach of implied warranty "only against his immediate seller." *Jensen v. Bayer AG*, 862 N.E.2d

---

[6] Plaintiff's reliance upon *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021 (Ill. App. Ct. 1998), is misplaced. In *Maldonado*, plaintiff alleged that she suffered personal injuries as a result of defendant's product. *Id.* at 1026 ("the consumer . . . who has suffered a personal injury may satisfy the notice provisions . . . by filing a complaint"). Here, Plaintiff does not allege that she suffered personal injuries; thus, this exception to the pre-suit notice rule does not apply. Moreover, inasmuch as Plaintiff does not adequately allege that SGC Global provided her a warranty for the particular "Skinnygirl Margarita" that she allegedly purchased, she also cannot satisfy the other elements of her claim for the reasons stated in SGC Global's opening brief. (Mem. at 5-6.)

1091, 1099 (Ill. App. Ct. 2007) ("plaintiff would only have a cause of action for breach of implied warranty . . . against the entity from which he purchased Baycol and not against [the] defendant [manufacturer]"). Plaintiff's contention that she can establish vertical privity of contract because she alleges that at one point in time SGC Global manufactured "Skinnygirl Margarita," received money from purchases of "Skinnygirl Margarita," or created unspecified advertising is unsupported and contrary to well settled Illinois law.[7]

### IV. COUNT IV FAILS TO STATE A CLAIM FOR PROMISSORY ESTOPPEL

Plaintiff concedes that in order to state a claim for promissory estoppel she must allege that SGC Global made an unambiguous promise to "do or refrain from doing something specified" and that she relied upon this promise to her detriment. (Resp. at 12-13); *accord Guar. Residential Leasing, Inc. v. Int'l Mortg. Ctr., Inc.*, 305 F. Supp. 2d 846, 866 (N.D. Ill. 2004); *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 523-24 (Ill. 2009); *Derby Meadows Util. Co. v. Inter-Continental Real Estate*, 559 N.E.2d 986, 995 (Ill. App. Ct. 1990); *First Nat'l Bank v. Sylvester*, 554 N.E.2d 1063, 1070 (Ill. App. Ct. 1990). Ignoring this requirement of a promise of future conduct, Plaintiff mistakenly argues that Count IV states a valid cause of action because it alleges that "Skinnygirl Margarita" was advertised as being "all natural" and containing "100% Blue Agave tequila." (Resp. at 13.)

Contrary to Plaintiff's contention, these allegations do not provide an adequate basis for asserting a claim for promissory estoppel. Mere representations such as a product being "all natural" or containing "100% Blue Agave tequila" are not promises to do or not do something in

---

[7] Inasmuch as Plaintiff concedes that the only purpose for buying "Skinnygirl Margarita" was to consume it (e.g., its ordinary use), her claim for implied warranty of fitness for a particular purpose is flawed. (Resp. at 11-12); *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) (dismissing claim where plaintiff failed to allege any non-ordinary use). Plaintiff's breach of implied warranty of merchantability claim is also flawed because Plaintiff fails to adequately allege that "Skinnygirl Margarita" was unsafe and unfit or how any breach caused her any damages. (Mem. at 7-8.)

8

the future. *Guar. Residential Leasing, Inc.*, 305 F. Supp. 2d at 866.[8] Count IV therefore fails to state a claim. Count IV is also improper because promissory estoppel is unavailable when an express contract exists. (Mem. at 8-9.) Here, Plaintiff necessarily concedes that a sales contract exists with the unknown retailer from whom she allegedly purchased her "Skinnygirl Margarita." This alone is fatal to Plaintiff's claim.

## V. COUNT V FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Plaintiff readily concedes that Count V's only contract-related allegations are the conclusory claims that "Plaintiff and the putative class members contracted with Defendants," "[s]aid offer was accepted by the Plaintiff and the Class," "Defendants charged a premium for its [sic] 'Skinnygirl' Margaritas which were not 'all natural,'" and "Plaintiff and the putative class members suffered damages." (Resp. at 14-15 (quoting Am. Compl. ¶¶ 63-65).) These conclusory allegations state merely legal conclusions, inadequate to state a cause of action for breach of contract under Illinois law. *Talbert*, 638 N.E.2d at 358 ("A general allegation that a contract exists without supporting facts is a legal conclusion which may not be admitted by a motion to dismiss. Terms such as 'offered,' 'accepted,' and 'breached its contract' suggest mere legal conclusions."). Merely reciting the elements of a claim also fails under the Federal Rules. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555, 557) (The federal pleading standard demands more than "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement.") If anything, Plaintiff's failure to specify when she purchased her "Skinnygirl

---

[8] *First National Bank* (Plaintiff's authority) is consistent with and supports SGC Global's contention that Count IV should be dismissed. (Resp. at 13.) The "promise" in *First National* was for the defendant bank to continue funding the plaintiff's line of credit if the plaintiff personally invested additional funds into his company. This promise of future action which the bank later reneged on served as a sufficient basis for the plaintiff's promissory estoppel claim. 554 N.E.2d at 1070.

9

Margarita," from whom, and under what terms of sale confirms that she has no valid sales contract with SGC Global as a matter of law.

Plaintiff also concedes that she failed to provide notice of her breach of contract claim as required under the Illinois UCC. (Resp. at 14-15.) This bars her breach of contract claim for the same reasons addressed in Section II above. Contrary to Plaintiff's contention, the Illinois UCC requirement of pre-suit notice is not limited to breach of warranty claims (Resp. at 15); it applies to all breach of contract claims governed by 810 ILCS § 5/2-607(a)(3).[9] *Greenwich Indus., L.P. v. Leggett & Platt, Inc.*, No. 07 C 6550, 2009 WL 1657441, at *4 n.2 (N.D. Ill. June 11, 2009).

## VI. COUNT VI FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

Significantly, Plaintiff concedes that she cannot, as a matter of law, state an unjust enrichment claim that is grounded in quasi-contract and that the sufficiency of her tort-based claim for unjust enrichment is dependent upon her ability to state some other valid cause of action that caused SGC Global's alleged "enrichment" to be "unjust." (Resp. at 15-16.) In short, Plaintiff concedes that if her Consumer Fraud claim (Count I) fails, Count VI fails automatically.

However, even assuming, *arguendo*, that Plaintiff's Consumer Fraud claim survives (which it should not), her unjust enrichment claim would still fail because she does not and cannot allege that she has no adequate remedy at law. (Resp. at 15-16); *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. App. Ct. 2004) ("Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law"); *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E.2d 1065, 1071 (Ill. App. Ct. 1995) ("It is axiomatic that an

---

[9]Plaintiff's authority, *Meyers v. Woods*, 871 N.E.2d 160 (Ill. App. Ct. 2007), is easily distinguished and does not support Plaintiff's argument that she has adequately alleged a contract with SGC Global. In *Meyers*, the plaintiff and defendant communicated an offer and acceptance for the provision of services through a third party and the plaintiff paid the defendant directly for his services. None of these facts exists here.

unjust enrichment claim is viable only when there is no adequate remedy at law"). Moreover, inasmuch as Plaintiff does not contest SGC Global's argument that unjust enrichment is unavailable because Plaintiff fails to allege that she has no adequate remedy at law, any argument to the contrary has been waived.[10]

### VII. COUNT VII FAILS TO STATE A CLAIM FOR DECLARATORY JUDGMENT

Plaintiff's defense of her declaratory judgment claim is underwhelming. None of Plaintiff's authorities addresses the arguments that SGC Global raises.[11] Claims for declaratory relief are appropriate when the prospect of judicial resolution is uncertain or remote or where the "suit has ripened to the point where one of the parties could invoke a coercive remedy (i.e., a suit for damages or an injunction) but has not done so." *Dixie Gas & Food, Inc. v. Shell Oil Co.*, No. 03 C 8210, 2005 WL 1273273, at *7 (N.D. Ill. May 25, 2005). Here, judicial resolution of the parties' dispute is neither uncertain nor remote; Plaintiff has already filed claims seeking coercive remedies. Moreover, by her silence, Plaintiff necessarily concedes that her declaratory judgment claim would not serve any useful purpose and is merely redundant of her other claims. *Id.* (dismissing declaratory judgment action where "the process for determination on the merits is

---

[10] The five cases relied upon by Plaintiff stand for the proposition that a party may plead claims for breach of contract and unjust enrichment alternatively. (Resp. at 15-16.) SGC Global does not dispute this point. SGC Global challenges the inadequacy of Plaintiff's unjust enrichment claim, even if it is determined that Plaintiff plead her unjust enrichment and breach of contract claims alternatively.

[11] *Optimum Nutrition, Inc. v. Upper 49th Imports, Inc.*, No. 11 C 5674, 2011 WL 5981784 (N.D. Ill. Nov. 29, 2011), involved only a defendant's motion to stay the litigation of claims for declaratory and non-declaratory relief pending the outcome of a parallel case in Ontario, Canada. *Blaylock v. Friels*, No. 07-4056, 2008 WL 2566955 (C.D. Ill. June 24, 2008), involved only a motion to dismiss claims under 42 U.S.C. § 1983 which the court characterized as "perfunctory" and which was denied on the basis that the plaintiff had alleged sufficient facts to state a claim. Here, by contrast, SGC Global explains in detail the numerous reasons why Plaintiff's claim for declaratory relief is improper. It is Plaintiff who fails to respond to these arguments or provide any justification for allowing this case to be burdened with her unnecessary and improper request for declaratory relief. *Dixie Gas*, 2005 WL 1273273, at *7 ("fairness to the parties and judicial economy weigh in favor of dismissal of the declaratory judgment count . . . and the litigation will be made more efficient by eliminating the unnecessary declaratory judgment").

underway in this suit, and the additional declaratory judgment action requested by plaintiffs is redundant"). Plaintiff's declaratory judgment claim is also improper in that the conduct Plaintiff complains of occurred in the past and she is in no immediate danger of future injury. *Nelson v. Milwaukee Cty.*, No. 04 C 0193, 2006 WL 290510, at *3 n.7 (E.D. Wis. Feb. 7, 2006) ("declaratory relief is unavailable as a means of adjudicating past conduct").

Plaintiff also concedes that her declaratory judgment claim would not dispose of the entire controversy, and therefore, is improper on this basis as well. *Amalgamated Bank of Chicago v. Delmar Realty Co.*, No. 98 C 6256, 1999 WL 417373, at *2 (N.D. Ill. June 14, 1999) (Courts shall decline to grant declaratory relief where the judgment would not "terminate and afford relief from the . . . controversy giving rise to the proceeding"). Count VII seeks only a declaration of the "parties' relevant rights and obligations under Illinois law" by requiring (a) the disclosure of information and (b) the establishment of a constructive trust over all revenues and monies arising out of the sale of "Skinnygirl Margarita." (Am. Compl. ¶ 72.) This is not even a proper basis for declaratory relief.

## VIII. COUNT VIII FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF

Finally, Plaintiff offers no defense whatsoever for her position that she can assert a standalone claim for injunctive relief.[12] She cannot. *Noah v. Enesco Corp.*, 911 F. Supp. 305, 307 (N.D. Ill. 1995) ("An injunction is a remedy, not a cause of action."). Plaintiff's weak attempt to distinguish *Noah* or this clear rule of law by referencing the *Noah* court's other rulings is silly. (Resp. at 18-19.) The *Noah* court rejected the plaintiff's attempt to state a separate cause of action for injunctive relief because no such cause of action exists and criticized the

---

[12] Plaintiff's lone citation to *United States v. Bethlehem Steel Corp.*, 38 F.3d 862 (7th Cir. 1995), only further undermines her argument for the creation of a standalone injunction claim. *Bethlehem* involved an action by the federal government under federal statutes where the government proved liability and the applicable statutes authorized the government to obtain injunctive relief as a remedy.

plaintiff for responding to the motion to dismiss by merely setting forth the test for determining when a party is entitled to injunctive relief; the same irrelevant approach Plaintiff advances here.[13]

## IX.  CONCLUSION

Plaintiff's Response only confirms the glaring factual and legal deficiencies of Plaintiff's Amended Complaint and her purported causes of action against SGC Global.  For all of the foregoing reasons, SGC Global respectfully requests that this Court grant its Motion and dismiss Plaintiff's Amended Class Action Complaint in its entirety.

Dated: February 10, 2012

Respectfully submitted,

  /s/ Francis A. Citera
Francis A. Citera (ARDC # 6185263)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, IL  60601
Tel:    (312) 456-8400
Fax:    (312) 456-8435

Attorney for Defendant SGC Global, LLC f/k/a Skinnygirl Cocktails, LLC

---

[13] In addition, Plaintiff's three pages of arguments are also flawed for the reason that Plaintiff asserts no claims that would entitle her to injunctive relief.  Only the Illinois Attorney General can enjoin a party under the Consumer Fraud Act (*Sutherland v. Ill. Bell & AT&T,* 627 N.E.2d 145, 154 (Ill App. Ct. 1993); *Greenberg v. United Airlines*, 563 N.E.2d 1031, 1036 (Ill. App. Ct. 1990); consumers, such as Plaintiff, who know (and therefore can avoid) the alleged problem cannot seek injunctive relief, *Glazewski v. Coronet Ins. Co.*, 483 N.E.2d 1263, 1267 (Ill. 1985); *Greenberg,* 563 N.E.2d at 1037; *Popp v. Cash Station, Inc.*, 613 N.E.2d 1150, 1157 (Ill. App. Ct. 1992); and injunctive relief is unavailable when there is an adequate remedy at law.  Counts I through VII of Plaintiff's Amended Complaint seek only damages, further confirming the lack of any plausible basis for injunctive relief.

**CERTIFICATE OF SERVICE**

      I, Francis A. Citera, an attorney, hereby certify that on February 10, 2012, I electronically filed the foregoing **Defendant SGC Global, LLC's Reply in Support of Its Motion to Dismiss the Amended Class Action Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record.

| | |
|---|---|
| Larry D. Drury<br>Email: ldrurylaw@aol.com<br>Larry D. Drury, Ltd.<br>100 N. LaSalle St.<br>Suite 1010<br>Chicago, IL 60602<br>(312) 346-7950 | Christopher T. Sheean<br>Email: csheean@smbtrials.com<br>Richard J. Keating , Jr.<br>Email: rkeating@smbtrials.com<br>Swanson, Martin & Bell LLP<br>330 N. Wabash Ave.<br>Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100 |
| Howard Weitzman<br>Email: hweitzman@kwikalaw.com<br>Laura Diane Castner<br>Email: lcastner@kwikalaw.com<br>Kinsella Weitzman Iser Kump<br>  & Aldisert LLP<br>808 Wilshire Boulevard<br>Third Floor<br>Santa Monica, CA 90401<br>(310) 566-9800 | Donald I. Strauber<br>Email: dstrauber@chadbourne.com<br>Mary T. Yelenick<br>Email: myelenick@chadbourne.com<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, NY 10112-0127<br>(212) 408-5100 |

                                                                               /s/ Francis A. Citera